FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 0 8 2004

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

    Plaintiff,

v.   No. CIV-04-0239 MV/LAM

JOE WILLIAMS, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names a number of corrections officials and sets out six claims under the First, Fourth, and Fourteenth Amendments. In summary, Plaintiff alleges that Defendants denied him

access to books, magazines, newspapers, correspondence, and a night light for reading. He claims he was denied these items pursuant to corrections policies and "level system" rules. The policies and rules were drafted and instituted by Defendants Williams, Bustos, Perry, and Prescott. Plaintiff also alleges that Defendant Bustos changed certain forms used for inmate requests. Defendants Sedillo, LeMaster, and Shanks denied Plaintiff's grievances of the asserted deprivations. The complaint seeks declaratory and injunctive relief and damages.

Plaintiff did not file his substantive claims within the applicable limitation period, and these claims are barred. An action under § 1983 is limited by the forum state's personal injury statute. *See Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *cf. Jones v. R. R. Donnelley & Sons Co.*, --- U.S. ---, No. 02-1205, 2004 WL 936488, slip op. at 12-13 (May 3, 2004) (4-year statute of limitations in 28 U.S.C. § 1658 applies to claims 'arising under an Act of Congress enacted' after December 1, 1990). The limitation on personal injury actions in New Mexico is three years. N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Plaintiff's complaint alleges that the offending policies were originally enacted in July 2000. Plaintiff entered the system on or about August 11, 2000, and shortly thereafter his requests for access to the referenced materials were denied. In July 2003, Defendants adopted revisions to the offending policies "but did not correct the section of policy that violated [Plaintiff's] rights." After the revisions were adopted, Plaintiff again attempted to gain access to the prohibited materials. He filed grievances from these later denials.

According to the complaint, Plaintiff's injuries first occurred in 2000. The gravamen of his claims from 2003 is that, because the offending policies were not changed when other sections were revised, he suffered new deprivations. "The statute of limitations begins to run when the first injury,

2

however slight, occurs, even though that injury may later become great or different." *Free v. Granger*, 887 F.2d 1552, 1555-56 (11th Cir. 1989), *quoted in Martinez v. King*, No. 92-2294, 1993 WL 118846, at **2 (10th Cir. Apr. 15, 1993); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (§ 1983 claim accrues when plaintiff knows or has reason to know of injury). Plaintiff may not avoid or extend the limitation period by subsequently reasserting his rights. "[Plaintiff] had a duty to assert [his] rights at that time and []he cannot rely on a continuing violation theory to avoid the statutory time bar." *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1311 (10th Cir. 1999). Because the alleged injuries occurred more than three years before the complaint was filed, these claims are barred and will be dismissed.

Plaintiff also alleges that Defendant Bustos recently changed certain forms used for inmate requests, thereby eliminating the requirement that staff respond to such requests. These allegations fail to support a claim under § 1983 because Plaintiff does not allege a "relevant actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He states only that he received no response when he used the new form to inquire whether he had received mail on a certain date--not that the new forms actually interfered with his otherwise available correspondence. This claim will be dismissed. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court").

Lastly, no relief is available on Plaintiff's allegations that Defendants Sedillo, LeMaster, and Shanks denied his grievances of the asserted deprivations. These grievances were filed after Plaintiff's attempts in 2003 to obtain relief from the same deprivations that had occurred in 2000. As described above, the underlying claims are barred, and Plaintiff's dissatisfaction with prison grievance procedures does not separately implicate constitutional protections. *Buckley v. Barlow*,

3

997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated). These claims will be dismissed. *Cf. Steele*, 355 F.3d at 1215.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED; all pending motions are DENIED as moot; and, pursuant to Fed.R.Civ.P. 58(a)(2)(A)(iii), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE