IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

                Plaintiff,

v.                                      CIV-04-0239 MV/LAM

JOE WILLIAMS, et al.,

                Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Plaintiff's *Motion for Amended Judgement* (*Doc. 15*). For the reasons set forth below, the undersigned Magistrate Judge recommends that (1) the Court **GRANT** Plaintiff's *Motion for Amended Judgement* (*Doc. 15*), because entry of judgment *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R.Civ. P. 12(b)(6) based on the defense of statute of limitations is not warranted from the face of Plaintiff's complaint, **SET ASIDE** its *Memorandum Opinion and Order* (*Doc. 13*), filed on September 8, 2004, and **VACATE** its *Judgment* (*Doc. 14*) entered on September 8, 2004, (2) the Court **DISMISS** with prejudice, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R.Civ. P. 12(b)(6), Plaintiff's claim against Defendant Bustos for changing an "Inmate Request to a Staff Member" form on the ground that Plaintiff's allegations fail to allege a relevant actual injury and, therefore, fail to state a claim on which

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

relief may be granted under 42 U.S.C. § 1983, and (3) the Court **DISMISS** with prejudice, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), Plaintiff's claims against Defendants Sedillo, LeMaster and Shanks for denying Plaintiff's prison grievances on the ground that those claims fail to implicate constitutional protections and, therefore, fail to state a claim on which relief may be granted under 42 U.S.C. § 1983.  In deciding this matter, the undersigned has considered the foregoing motion, the record of this case and relevant law.

### Factual and Procedural Background

Plaintiff, who is an inmate proceeding *pro se* and *in forma pauperis*, is incarcerated at the New Mexico State Penitentiary.  In his complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff names a number of current and former New Mexico corrections officials as defendants and asserts multiple claims for relief for alleged violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, all of which relate to prison conditions.  More specifically, Plaintiff contends that (1) Defendants Prescott and Bustos wrote and edited New Mexico Corrections Department (hereinafter, "NMCD") policies that denied Plaintiff possession of personal and religious books, magazines and newspapers, and restricted his possession of letters and pictures, in violation of his rights under the First, Fourth and Fourteenth Amendments, (2) Defendants Williams and Perry signed the foregoing policies into effect, in violation of Plaintiff's rights under the First, Fourth and Fourteenth Amendments, (3) Defendant Sedillo denied Plaintiff's prison grievances regarding the possession of personal books, magazines and newspapers, the prison's rule against having lights on in his cell at night, refusals by prison staff to answer his requests, and restrictions on the possession of personal letters, in violation of his rights under the First, Fourth and Fourteenth Amendments, (4) Defendant Bustos changed the prison's "Inmate Request to a Staff Member" form

so that prison staff would not have to answer or acknowledge such forms or send copies of the forms to prisoners, in violation of Plaintiff's rights under the Fourteenth Amendment, (5) Defendant LeMaster denied Plaintiff's prison grievances regarding the prison's rule against having lights on in his cell at night, restrictions on out-going mail, and refusals by prison staff to answer his requests, in violation of his First and Fourteenth Amendment rights, and (6) Defendant Shanks denied Plaintiff's prison grievance regarding the possession of religious books which violated his rights under the First Amendment.[2]  Plaintiff sues Defendants Williams, Bustos, Prescott and Sedillo in their individual and official capacities, Defendant LeMaster in his official capacity, and Defendants Perry and Shanks in their individual capacities.[3]  Plaintiff's complaint seeks declaratory and injunctive relief, compensatory and punitive damages, costs and, although he is not represented by counsel, attorney's fees.[4]

    Because Plaintiff is an inmate and his Section 1983 claims relate to prison conditions, his claims are subject to the provisions of 42 U.S.C. § 1997e(a) requiring exhaustion of prison administrative remedies.  Additionally, because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    Plaintiff filed this case on March 1, 2004.  On September 8, 2004, the Court entered a **Memorandum Opinion and Order** (*Doc. 13*), *sua sponte*, ordering the dismissal of Plaintiff's civil

---

[2]*See* **Civil Complaint** (*Doc. 1*) at 10-11.

[3]*Id.* at 2-2a.

[4]*Id.* at 1 and 11-13.

rights complaint under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6) on the grounds that his substantive claims were not filed within the applicable three-year limitations period and were time-barred; his claim that Defendant Bustos changed the form used for inmate requests failed to support a claim under Section 1983 because it failed to allege a "relevant, actual injury"; and his claims that Defendants Sedillo, LeMaster and Shanks denied his prison grievances failed to separately implicate constitutional protections for his time-barred claims.  On the same date, the Court entered its *Judgment* (*Doc. 14*) in favor of Defendants, dismissing Plaintiff's complaint and this case with prejudice.

On September 17, 2004, Plaintiff filed a timely motion (*Doc. 15*) to amend the judgment, which the Court construed as a motion pursuant to Fed. R. Civ. P. 59(e).  Because the motion was filed before Defendants were served with process, Defendants did not file a response to the motion. On October 7, 2004, prior to disposition of the motion, Plaintiff filed a notice of appeal (*Doc. 16*) to appeal the judgment.  In orders (*Doc. 17, Doc.20*), filed in this Court on October 20, 2004 and January 3, 2005, respectively, the Tenth Circuit Court of Appeals determined that Plaintiff's appeal was abated pending final disposition of his motion to amend the judgment, and that this Court retained jurisdiction to rule on the motion.  In the interim, in an order (*Doc. 18*) filed on October 28, 2004, this Court determined that Plaintiff's complaint raised factual questions related to whether Plaintiff had attempted to exhaust prison administrative remedies and whether his attempts at exhaustion may have tolled the statute of limitations.  *See Roberts v. Barreras*, No. 03-2269, 2004 WL 1814164, *2 (10th Cir. Aug. 16, 2004) (unpublished) (directing district court to make factual determination of exhaustion and tolling).  The Court determined that these were factual issues that could only be decided after service of process on Defendants.  The Court concluded that the

order of dismissal should, therefore, be set aside and the motion for amended judgment granted, but also concluded that it was without jurisdiction to grant the motion.

On February 3, 2005, the undersigned Magistrate Judge entered an order (*Doc. 21*) directing service of process by the Court Clerk on those Defendants for whom the Court had addresses and requiring Plaintiff to provide addresses for service on Defendants Prescott and Shanks.   After a lengthy delay in obtaining the addresses of Defendants Prescott and Shanks, occasioned by the actions of both Plaintiff and Defendants,[5] all Defendants were served with process and responded to Plaintiff's complaint.   Once Defendants were served with process, on October 17, 2005, after waiting the requisite sixty days for Defendant Shanks to respond to the complaint pursuant to Fed. R. Civ. P. 4(d)(3),[6] the undersigned ordered (*Doc. 84*) Defendants to prepare a *Martinez* Report, pursuant to *Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978), to obtain further information to evaluate the merits of Plaintiff's claims, including the issues of exhaustion of administrative remedies

---

[5]The order (*Doc. 21*) filed on February 3, 2005, directed Plaintiff to provide the Court with addresses for service on Defendants Prescott and Shanks no later than February 15, 2005.   Plaintiff filed a motion (*Doc. 23*), requesting additional time in which to provide these addresses and permission to conduct limited discovery on the issue of the addresses, which was granted by an order (*Doc. 41*) filed on April 5, 2005.   On April 13, 2005, Plaintiff filed a motion to compel (*Doc. 45*) a response to his discovery request to Defendants Williams, Bustos, Perry, Sedillo and LeMaster seeking the addresses of Defendants Prescott and Shanks.   On June 1, 2005, the undersigned entered an order (*Doc. 55*) granting the motion to compel, in part; ordering Defendants Williams, Bustos, Perry, Sedillo and LeMaster to respond to Plaintiff's discovery request with respect to Defendant Shanks, in compliance with the Federal Rules of Civil Procedure, no later than June 10, 2005; and directing the Court Clerk to serve Defendant Prescott by serving defense counsel pursuant to his agreement to accept service on Prescott's behalf (*see Doc. 52*).   On June 22, 2005, after Defendants filed on June 7, 2005, an unsigned (other than by counsel) and unsworn response (*Doc. 56*) to Plaintiff's discovery request with the Court, the undersigned issued an order to show cause (*Doc. 60*), *sua sponte*, ordering Defendants Williams, Bustos, Perry, Sedillo and LeMaster to comply with the Court's previous order (*Doc. 55*) and respond to Plaintiff's discovery request in compliance with the Federal Rules of Civil Procedure by June 29, 2005, or show cause why sanctions should not be imposed on them for their failure to do so.   In a motion (*Doc. 61*) filed on June 28, 2005, Defendants finally provided an address for Shanks, and on July 14, 2005, the undersigned entered an order (*Doc. 62*) directing the Court Clerk to serve Shanks at that address.   On July 21, 2005, the Court Clerk issued an order of response (*Doc. 64*) to Defendant Shanks and on August 9, 2005, Shanks filed a waiver of service form (*Doc. 65*) waiving service of a summons and acknowledging receipt of a copy of Plaintiff's complaint.

[6]*See **Minute Order to Issue Summons** (Doc. 64),* filed on July 21, 2005, and ***Waiver of Service of Summons*** (*Doc. 65*) filed by Defendant Shanks on August 9, 2005.

and tolling.  After another lengthy delay, occasioned by the parties' numerous disputes over the contents of the *Martinez* Report, the *Martinez* Report was finally completed on June 26, 2006.[7] (*See Doc. 162*).

### *Plaintiff's Motion for Amended Judgement*

In his ***Motion for Amended Judgement*** (*Doc. 15*), Plaintiff asks the Court to amend its ***Judgment*** (*Doc. 14*) filed on September 8, 2004, dismissing Plaintiff's complaint and this case with prejudice.  Plaintiff does not specify in his motion how he wants the judgment amended but he makes several arguments that the dismissal of his complaint on statute of limitations grounds was erroneous. First, he asserts that the statute of limitations was tolled while he was confined in a Virginia prison against his will for eighteen months and that he was denied certain rights within the limitations period. Second, he asserts that new violations occurred after his return from Virginia and, therefore, he argues that a new statute of limitations should have commenced to run in October of 2003.  Third, he asserts that there should not be a time limit concerning when he can bring suit while he is incarcerated because of unspecified "stringent rules"[8] of the NMCD.  Plaintiff makes no arguments in his motion regarding the Court's dismissal of his claim against Defendant Bustos for changing the inmate request to staff member form and Plaintiff affirmatively states in his motion that he "will not ask the court to reconsider its decision concerning the issue of defendant Bustos changing a form and eliminating the requirement that staff respond to requests."[9]  Although Plaintiff also asks the Court

---

[7]The *Martinez* Report, which is voluminous, consists of *Docs. 101, 103, 108, 110, 133* (*Exhibit 2 only*) and *153*.  Plaintiff's response to the *Martinez* Report consists of *Docs. 127, 129, 152* and *162*.  Defendants' reply to Plaintiff's response to the *Martinez* Report is *Doc. 131*.

[8]***Motion for Amended Judgement*** [sic] (*Doc. 15*) at 2.

[9]*Id.*

6

"to reconsider all other issues,"[10] he makes no specific arguments in his motion in response to the Court's dismissal of his claims that Defendants Sedillo, LeMaster and Shanks denied his prison grievances on the basis that those claims failed to separately implicate constitutional protections.

Plaintiff's **Motion for Amended Judgement** (*Doc. 15*) was timely filed pursuant to Fed. R. Civ. P. 59(e) because it was filed within ten days after entry of the Court's **Judgment** (*Doc. 14*).[11]  Grounds that warrant granting a motion to amend a judgment under Rule 59(e) include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position or the controlling law."  *Id.*  However, a Rule 59(e) motion is not an appropriate vehicle for revisiting issues already addressed or advancing arguments that could have been raised in prior briefing.  *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).  The decision of whether to grant or deny a Rule 59(e) motion is left to the sound discretion of the trial court.  *See Minshall v. McGraw Hill Broadcasting Co., Inc.*, 323 F.3d 1273, 1287 (10th Cir. 2003) (citation omitted).

In this case, Plaintiff's complaint raised factual questions related to whether he attempted to exhaust prison administrative remedies and whether his attempts at exhaustion tolled the statute of limitations as to his claims.[12]  Thus, *sua sponte* dismissal of his claims on statute of limitations

---

[10]*Id.*

[11]*See* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend judgment shall be filed no later than 10 days after entry of the judgment.").

[12]As the Court noted in its **Order** (*Doc. 18*) filed on October 28, 2004, "Plaintiff alleges [in his complaint] (continued...)

grounds under 28 U.S.C. § 1915(e)(2) and Fed. R.Civ. P. 12(b)(6) was not warranted because the statute of limitations defense was not obvious from the face of the complaint and further factual development was necessary.  *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (citing *Fratus v. DeLand*, 49 F.3d 673, 674-675 (10th Cir. 1995)).  "A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense-such as statute of limitations-'only when the defense is obvious from the face of the complaint and no further factual record is required to be developed.' . . . In other words, a complaint may not be dismissed 'by raising sua sponte a statute of limitations defense that was neither patently clear from the face of the complaint nor rooted in adequately developed facts.'"  *Fogle*, 435 F.3d at 1258 (quoting *Fratus*, 49 F.3d at 674-675) (internal quotation marks and citation in *Fratus* case omitted).  Additionally, Plaintiff's **Motion for Amended Judgement** (*Doc. 15*) raised additional factual questions related to tolling of the statute of limitations.  Therefore, to correct clear error and prevent manifest injustice, the undersigned recommends that Plaintiff's motion to amend judgment be granted because entry of judgment *sua sponte* based on the defense of statute of limitations was not warranted from the face of Plaintiff's complaint.[13]   To accomplish this, the undersigned recommends that the Court set aside its **Memorandum Opinion and Order** (*Doc. 13*), filed on September 8, 2004, and vacate its **Judgment** (*Doc. 14*) entered on that date.

---

[12](...continued)

that he filed grievances after the initial violations, but he does not expressly argue that the limitation period was tolled during grievance proceedings."  The Court went on to state that, "[a]ccording to the complaint, Plaintiff may have attempted to exhaust administrative remedies.  If so, his attempts at exhaustion may have tolled the statute of limitations."  **Order** (*Doc. 18*) at 1.

[13]Granting Plaintiff's motion for amended judgment on this issue will not preclude Defendants, who have not yet answered Plaintiff's complaint, from asserting statute of limitations as an affirmative defense in their answers and/or by dispositive motion and the undersigned expresses no opinion on the merits of a statute of limitations defense in this case.

Because Plaintiff makes no arguments in his motion for amended judgment regarding the Court's dismissal of his claim against Defendant Bustos for changing the "Inmate Request to a Staff Member" form, and because Plaintiff concedes in his motion that he is not asking the Court to reconsider its dismissal of that claim, the undersigned recommends that the Court enter an order *sua sponte* dismissing that claim with prejudice under 28 U.S.C. § 1915(e)(2) and Fed. R.Civ. P. 12(b)(6) on the same ground stated in the Court's ***Memorandum Opinion and Order*** (*Doc. 13*).[14] Additionally, because Plaintiff makes no specific arguments in his motion for amended judgment in response to the Court's dismissal of his claims that Defendants Sedillo, LeMaster and Shanks denied Plaintiff's prison grievances, and because those claims fail to separately implicate constitutional protections, the undersigned recommends that the Court enter an order *sua sponte* dismissing those claims with prejudice under 28 U.S.C. § 1915(e)(2) and Fed. R.Civ. P. 12(b)(6) on the same ground stated in the Court's ***Memorandum Opinion and Order*** (*Doc. 13*).[15]

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that:

1.      The Court **GRANT** Plaintiff's ***Motion for Amended Judgement*** (*Doc. 15*), because entry of judgment *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R.Civ. P. 12(b)(6) based on the defense of statute of limitations is not warranted from the face of Plaintiff's complaint, **SET ASIDE**

---

[14]In its ***Memorandum Opinion and Order*** (*Doc. 13*), the Court dismissed this claim with prejudice, citing *Lewis v. Casey*, 518 U.S. 343, 349-351 (1996), based on the Court's conclusion that Plaintiff's allegations failed to support a claim under 42 U.S.C. § 1983 because the allegations did not allege a relevant actual injury.

[15]In its ***Memorandum Opinion and Order*** (*Doc. 13*), the Court dismissed those claims with prejudice, citing *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), and *Murray v. Albany County Bd. of County Comm'rs.*, No. 99-8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000) (unpublished), because they failed to implicate constitutional protections and, therefore, failed to state a claim under 42 U.S.C. § 1983.

its **Memorandum Opinion and Order** (*Doc. 13*), filed on September 8, 2004, and **VACATE** its

**Judgment** (*Doc. 14*) entered on September 8, 2004.

      2.     The Court **DISMISS** with prejudice, *sua sponte* under 28 U.S.C. § 1915(e)(2) and

Fed. R.Civ. P. 12(b)(6), Plaintiff's claim against Defendant Bustos for changing the "Inmate Request

to a Staff Member" form on the ground that Plaintiff's allegations fail to allege a relevant actual injury

and, therefore, fail to state a claim on which relief may be granted under 42 U.S.C. § 1983.

      3.     The Court **DISMISS** with prejudice, *sua sponte* under 28 U.S.C. § 1915(e)(2) and

Fed. R. Civ. P. 12(b)(6), Plaintiff's claims against Defendants Sedillo, LeMaster and Shanks for

denying Plaintiff's prison grievances on the ground that those claims fail to implicate constitutional

protections and, therefore, fail to state a claim on which relief may be granted under

42 U.S.C. § 1983.

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**