# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MCGHEE,**

        **Plaintiff,**

**v.**                                   **CIV-04-0239 MV/LAM**

**JOE WILLIAMS, et al.,**

        **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff's ***Objections to Court[']s Order Denying Leave to File Amended Complaint in Doc. 205*** (*Doc. 211*) which the Court construes as objections, pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), to Magistrate Judge Lourdes A. Martínez' ***Order Denying Plaintiff's Notice and Motion for Leave to File Amended and Supplemental Complaint*** (***Doc. 174***) (*Doc. 205*).   The Court has reviewed the objections, the record in this case and relevant law, and **FINDS** that the objections should be **OVERRULED** for the reasons set forth herein.

### *Background*

Plaintiff is a prisoner who is proceeding *pro se* and *in forma pauperis*.  In the ***Order Denying Plaintiff's Notice and Motion for Leave to File Amended and Supplemental Complaint (Doc.174)*** (*Doc. 205*), the Magistrate Judge denied Plaintiff's ***Notice and Motion for Leave to File Amended and Supplemental Complaint*** (*Doc. 174*) which she construed as a motion for leave to amend and supplement Plaintiff's complaint pursuant to Fed. R. Civ. P. 15.  In that motion, Plaintiff sought to amend and supplement his complaint to add new defendants and new claims to this case.

### Standard of Review

A magistrate judge's order on a non-dispositive pretrial matter may be reconsidered only upon a finding that the order was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Phillips v. Beierwaltes*, 466 F.3d 1217, 1222 (10th Cir. 2006). The Seventh Circuit Court of Appeals has stated that to qualify as clearly erroneous, "a decision must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir. 1989). When reviewing a question of law, the standard of review is *de novo*. *See Weekoty v. United States of America*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998).

### Analysis and Conclusion

Plaintiff's motion to amend and supplement his complaint sought leave to amend and supplement his complaint to add nineteen new defendants and eighteen new claims to this case.[1] The Magistrate Judge denied the motion based on what it found to be Plaintiff's undue delay in seeking to amend and supplement his complaint and also based on prejudice to Defendants that would result if Plaintiff's motion were granted.[2] The Magistrate Judge noted that Plaintiff's motion was filed after this case had been pending for two and one-half years, after the *Martinez* report for the case was finally completed after a protracted delay caused in large part by the parties, and after the dispositive motions filed in this case by Defendants were fully briefed.[3] The Magistrate Judge also noted that it appeared from Plaintiff's proposed amended complaint that he was aware of most

---

[1] *See* **Notice and Motion for Leave to File Amended and Supplemental Complaint** (*Doc. 174*).

[2] *See* **Order Denying Plaintiff's Notice and Motion for Leave to File Amended and Supplemental Complaint** (**Doc. 174**) (*Doc. 205*) at 7-9.

[3] *Id.* at 8.

of the information on which his amended claims were based before he filed his original complaint and that he could have included most, if not all, of those claims in his original complaint.[4]

Plaintiff's arguments in support of his objections consist of a laundry list of conclusory and unsupported allegations.  He argues that he is not being given a full and fair opportunity to litigate in this case; he has been denied appointed counsel; he did not have all his exhibits when he filed this case; he suffers from mental illness, memory and concentration problems, attention deficit disorder and depression; the Court has engaged in unspecified *ex parte* communications with Defendants in this case; Defendants and their counsel have lied in this case; the Court is biased and prejudiced against him; he has been poisoned on two occasions while incarcerated; his mail has been tampered with; he has had money stolen from him in prison; he has been denied certain medical treatment in prison; he has had problems getting case law; his cell has been too cold; he has been adversely affected by changes in his medication; and he has not been given enough time to respond to Defendants' *Martinez* report.[5]

The Court concludes that the Magistrate Judge's order is not clearly erroneous or contrary to law.  It correctly states the law and reasonably applies the law to Plaintiff's motion.  The order is well-considered and should stand.  Accordingly, Plaintiff's objections to the order will be overruled.

**IT IS THEREFORE ORDERED** that Plaintiff's ***Objections to Court[']s Order Denying Leave to File Amended Complaint in Doc. 205*** (*Doc. 211*), which the Court construes as objections pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) to the Magistrate Judge's

---

[4] *Id.*

[5] *See **Objections to Court[']s Order Denying Leave to File Amended Complaint in Doc. 205*** (*Doc. 211*).

3

*Order Denying Plaintiff's Notice and Motion for Leave to File Amended and Supplemental Complaint* (**Doc. 174**) (*Doc. 205*), are **OVERRULED**.

  **IT IS SO ORDERED.**

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**

4