IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

                 Plaintiff,

v.                                         CIV-04-0239 MV/LAM

JOE WILLIAMS, et al.,

                 Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on *Defendants' Motion for Summary Judgment or Dismissal* (originally filed as *Document 38* on March 30, 2005, and renewed as *Document 218* on December 27, 2006), *Defendant John Shanks' Motion for Summary Judgment or Dismissal* (originally filed as *Document 87* on October 25, 2005, and renewed as *Document 219* on December 27, 2006), and Defendants' *Amended Defendants' Motion for Summary Judgment or Dismissal* (originally filed as *Document 89* on October 25, 2005, and renewed as *Document 220* on December 27, 2006).[2]  Having reviewed the motions, the parties' submissions on the motions, the record of this case and relevant law, the undersigned recommends, for the reasons set forth below, that the Court: (1) **DISMISS** with prejudice, *sua sponte* under 42 U.S.C. §1997e(c)(1), Plaintiff's

---

[1]**Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

[2]Pursuant to the Court's orders (*Docs. 185, 216, 241*), all supporting briefs, responses and replies related to Defendants' motions were renewed when the motions were renewed.

claims under 42 U.S.C. § 1983 for monetary relief against Defendants Williams, Bustos and Prescott in their official capacities, (2) deny as moot *Defendant John Shanks' Motion for Summary Judgment or Dismissal* (originally filed as *Doc. 87* and renewed as *Doc. 219*), (3) deny *Defendants' Motion for Summary Judgment or Dismissal* (originally filed as *Doc. 38* and renewed as *Doc. 218*), and (4) deny Defendants' *Amended Defendants' Motion for Summary Judgment or Dismissal* (originally filed as *Doc. 89* and renewed as *Doc. 220*).

### *Factual and Procedural Background*

Plaintiff, who is an inmate proceeding *pro se* and *in forma pauperis*, is incarcerated at the New Mexico State Penitentiary.  In his complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff names a number of current and former New Mexico corrections officials as defendants and asserts multiple claims for relief for alleged violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, all of which relate to prison conditions.  All of Plaintiff's claims have been dismissed with prejudice, except his claims that (1) Defendants Prescott and Bustos wrote and edited New Mexico Corrections Department (hereinafter, "NMCD") policies that denied Plaintiff possession of personal and religious books, magazines and newspapers, and restricted his possession of letters and pictures, in violation of his rights under the First, Fourth and Fourteenth Amendments, and (2) Defendants Williams and Perry signed the foregoing policies into effect, in violation of Plaintiff's rights under the First, Fourth and Fourteenth Amendments.[3] Plaintiff sues Defendants Williams, Bustos and Prescott in their individual and official capacities,

---

[3]*See* **Civil Complaint** (*Doc. 1*) at 10-11.  The Court, in its **Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, Granting Motion for Amended Judgement, Setting Aside Memorandum Opinion and Order, Vacating Judgment and Dismissing Claims With Prejudice** (*Doc. 210*), dismissed with prejudice Plaintiff's claim that Defendant Bustos unlawfully changed the prison's "Inmate Request to a Staff Member" form, and also dismissed with prejudice Plaintiff's claims that Defendants Sedillo, LeMaster and Shanks unlawfully denied Plaintiff's prison grievances.

and Defendant Perry in his individual capacity.[4]   Plaintiff's complaint seeks declaratory and injunctive relief, compensatory and punitive damages, costs and, although he is not represented by counsel, attorney's fees.[5]   Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.[6]

### *Exhaustion of Prison Administrative Remedies*

A *Martinez* report was required in this case pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), to determine, in part, whether Plaintiff had exhausted prison administrative remedies with regard to his claims as required by the Prison Litigation Reform Act of 1995 (hereinafter, "PLRA"), 110 Stat. 1321-66 to 1321-77, as amended, 42 U.S.C. § 1997e, *et seq.*[7] Exhaustion of prison administrative remedies is required under the PLRA, 42 U.S.C. § 1997e(a), and, at the time this case was filed, an inmate in the Tenth Circuit was required to plead and demonstrate exhaustion in his complaint pursuant to *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003).  However, after the *Martinez* report in this case was completed, the United States Supreme Court decided *Jones v. Bock*, ____ U.S. ____, 127 S.Ct. 910 (2007).  In *Jones*, the Supreme Court abrogated the holding in *Steele* by holding that an inmate's failure to exhaust prison grievance procedures is an affirmative defense and, therefore, "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  *Id.* at 921; *see also*

---

[4]*See **Civil Complaint** (Doc. 1)* at 2.

[5]*Id.* at 1, 11-13.

[6]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991), citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[7]In his complaint, Plaintiff alleges exhaustion of administrative remedies with regard to all of his claims.  *See **Civil Complaint** (Doc. 1)* at 3-4.

3

*Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007) (recognizing that *Jones* rejected the Tenth Circuit's rule in *Steele* and holding that the burden of proof for exhaustion of administrative remedies in a suit governed by the PLRA rests with the defendants).  Although a district court can raise the issue of exhaustion *sua sponte* if it is clear on the face of a prisoner's complaint that he failed to exhaust administrative remedies, "'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.'"  *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Because Defendants have not raised the defense of failure to exhaust prison administrative remedies in any of their motions at issue before the Court, and because a failure to exhaust such remedies without a valid excuse is not clear from the face of Plaintiff's complaint, the undersigned need not address the issue of exhaustion in this PF&RD.

### *Dismissal Sua Sponte of Plaintiff's Claims for Monetary Damages Against Defendants Williams, Bustos and Prescott in Their Official Capacities*

Under 42 U.S.C. § 1997e(c)(1) governing suits by prisoners with respect to prison conditions brought under 42 U.S.C. § 1983, a court may dismiss a claim *sua sponte* if it determines that the claim "fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  Although 42 U.S.C. § 1997e(a) requires that prisoners exhaust prison administrative remedies before filing a lawsuit with respect to prison conditions under Section 1983, under 42 U.S.C. § 1997e(c)(2) a Court may dismiss a claim that fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief, without regard to exhaustion of administrative remedies.

In this case, Plaintiff has sued Defendants Williams, Bustos and Prescott for money damages in both their individual and official capacities.[8]  The Eleventh Amendment to the United States Constitution generally bars lawsuits brought in federal court against state officers and employees in their official capacities for monetary damages.  *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.").  Moreover, the Supreme Court has held that state officers and employees sued in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983 who can be sued for monetary relief under that statute.  *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989); *see also Neal v. D.F. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005) (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. at 71, for the proposition that state officials acting in their official capacities are not "persons" subject to liability under Section 1983).  Thus, Plaintiff's Section 1983 claims for money damages against Defendants Williams, Bustos and Prescott in their official capacities should be dismissed with prejudice, *sua sponte*, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim upon which relief can be granted and for seeking monetary relief from defendants who are immune from such relief.

### Defendant John Shanks' Motion for Summary Judgment or Dismissal

Defendant John Shanks originally filed his **Defendant John Shanks' Motion for Summary Judgment or Dismissal** (*Doc. 87*), together with a supporting brief (*Doc. 88*), on October 25, 2005.  Plaintiff filed a response to the motion (*Doc. 96*) on November 21, 2005.  In his response, Plaintiff asked the Court to allow him to use *Document 48*, which was filed by Plaintiff on April 22, 2005,

---

[8]*See Civil Complaint* (*Doc. 1*) at 2, 12.

5

as a response to the motion and the Court granted his request in an order filed on December 5, 2005.[9]

Shanks filed a reply in support of the motion (*Doc. 104*) on December 1, 2005.  In an ***Order***

(*Doc. 185*) filed on September 28, 2006, the Court denied Shanks' motion without prejudice, with

leave to renew the motion by filing a notice with the Court.[10]  Defendants subsequently renewed the

motion, as *Document 219*, by filing their ***Defendants' Notice to the Court to Renew All of Their***

***Pending Dispositive Motions*** (*Doc. 217*) on December 27, 2006, in which Defendants identified

Shanks' motion as a dispositive motion being renewed.

   As an initial matter, the undersigned notes that neither the motion, the supporting brief, the

reply nor the certificates of service on these documents were signed by Shanks' attorney.[11]

Rule 7(b)(3) of the Federal Rules of Civil Procedure requires that "[a]ll motions shall be signed in

accordance with Rule 11."  This is a reference to Rule 11(a) of the Federal Rules of Civil Procedure

which requires, for parties represented by an attorney, that "[e]very pleading, written motion, and

other paper shall be signed by at least one attorney of record in the attorney's individual name" and

further states that "[a]n unsigned paper shall be stricken unless omission of the signature is corrected

promptly after being called to the attention of the attorney or party."  Thus, it would be entirely

within the Court's authority to strike Shanks' motion, supporting brief and reply unless he remedied

---

[9]*See* ***Plaintiffs [sic] Response to: [sic] Defendant John Shanks [sic] Motion for Summary Judgment or Dismissal; and, Amended Defendants [sic] Motion for Summary Judgment or Dismissal*** (*Doc. 96*); ***Order*** (*Doc. 106*). *Document 48* is a response by Plaintiff to Defendants' motion for summary judgment or dismissal that was originally filed as *Document 38* on March 30, 2005, and renewed as *Document 218* on December 27, 2006.

[10]*See* ***Order*** (*Doc. 185*) at 2-3.  The Court specified that Defendants could renew their dispositive motions by filing a notice with the Court once the Court entered a final order on Plaintiff's then-pending ***Motion for Amended Judgement*** (*Doc. 15*) and the Tenth Circuit Court of Appeals entered a final decision in the appeal initiated by Plaintiff's filing of his ***Notice of Appeal*** (*Doc. 16*).  *See* ***Order*** (*Doc. 185*) at 3.

[11]*See* ***Defendant John Shanks' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 87* and renewed as *Doc. 219*) at 1-2; ***Defendant John Shanks' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal*** (*Doc. 88*) at 6; ***Reply to Response to Motion for Summary Judgment or Dismissal*** (*Doc. 104*) at fourth page.

the signature omissions on these documents by filing duplicate documents signed by his attorney.[12]

However, because Shanks' motion should be denied for a different and alternative reason even if

the signature omissions are cured, the undersigned recommends that the motion be denied, for the

reason discussed below, without an opportunity to remedy the signature omissions on the motion,

supporting brief and reply.

        In Shanks' motion and supporting brief, he asks the Court to either grant him summary

judgment or dismiss Plaintiff's complaint with prejudice.[13]   However, the only claim asserted against

Shanks in this case has been dismissed with prejudice.   Therefore, the undersigned recommends that

Shanks' motion be denied as moot.   In the "Claims" section of his complaint, Plaintiff alleged that

Shanks denied Plaintiff's prison grievance regarding the possession of religious books thereby

violating Plaintiff's right to freedom of religion under the First Amendment.[14]   On

November 14, 2006, this claim was dismissed with prejudice, *sua sponte* under

28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may

be granted under 42 U.S.C. § 1983.[15]   Because there are no remaining claims asserted against

---

[12]*See Becker v. Montgomery*, 532 U.S. 757, 765 (2001) (omission of a signature required by Fed. R. Civ. P. 11(a) is curable by submission of a duplicate document with the required signature).

[13]*See **Defendant John Shanks' Motion for Summary Judgment or Dismissal** (originally filed as *Doc. 87* and renewed as *Doc. 219*) at 1; **Defendant John Shanks' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal** (*Doc. 88*) at 6.*

[14]*See **Civil Complaint** (*Doc. 1*) at 11.*

[15]*See **Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, Granting Motion for Amended Judgement, Setting Aside Memorandum Opinion and Order, Vacating Judgment and Dismissing Claims With Prejudice** (*Doc. 210*) at 3.*

Defendant Shanks in this case, his motion for summary judgment or to dismiss should be denied as moot.[16]

### Defendants' Motion for Summary Judgment or Dismissal

Defendants filed their **Defendants' Motion for Summary Judgment or Dismissal** (*Doc. 38*), together with a supporting brief (*Doc. 39*), on March 30, 2005.  Plaintiff filed two responses to the motion (*Docs. 44, 48*) on April 13 and 22, 2005, respectively.  Defendants did not file a reply in support of the motion.  In its **Order** (*Doc. 185*) filed on September 28, 2006, the Court denied Defendants' motion without prejudice, with leave to renew the motion by filing a notice with the Court.[17]   Defendants subsequently renewed the motion, as *Document 218*, by filing their **Defendants' Notice to the Court to Renew all of Their Pending Dispositive Motions** (*Doc. 217*) on December 27, 2006, in which Defendants identified the motion as a dispositive motion being renewed.

In their motion, Defendants assert that they move for summary judgment or dismissal of Plaintiff's claims on the grounds set forth in their supporting brief.[18]  Defendants' arguments in their supporting brief are general and conclusory, but Defendants appear to argue that they are entitled to summary judgment or dismissal because all of Plaintiff's claims are barred by collateral estoppel, res judicata and/or mootness.  More specifically, Defendants appear to argue that Plaintiff's claims

---

[16]*Cf. Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997) ("The central question in determining whether a case has become moot is whether the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation marks and citation omitted).

[17]*See* **Order** (*Doc. 185*) at 2-3.  The Court specified that Defendants could renew their dispositive motions by filing a notice with the Court once the Court entered a final order on Plaintiff's then pending **Motion for Amended Judgement** (*Doc. 15*) and the Tenth Circuit Court of Appeals entered a final decision in the appeal initiated by Plaintiff's filing of his **Notice of Appeal** (*Doc. 16*).  *See* **Order** (*Doc. 185*) at 3.

[18]*See* **Defendants' Motion for Summary Judgment or Dismissal** (originally filed as *Doc. 38* and renewed as *Doc. 218*) at 1.

are barred because (1) Plaintiff was a party, under the names "Amin Wali" and/or
"William McGhee," to a settlement agreement known as the "Ayers settlement agreement"
(hereinafter, the "Ayers Settlement Agreement") which decided issues involved in this case related
to stamped envelopes and correspondence, religious books and items, and personal reading
materials, (2) Plaintiff was a petitioner in a consolidated habeas corpus case in the First Judicial
District Court in the State of New Mexico captioned "*Andrew Ferguson, et al. v. Tim LeMaster*, et
al., D-0101-CR-200100192" (hereinafter, the "Ferguson Case") in which that court found that the
conditions of confinement in Levels V and VI at the Penitentiary of New Mexico and the Alternative
Placement Area at the Southern New Mexico Correctional Facility did not constitute cruel and
unusual punishment in violation of the Eighth Amendment and also found that the New Mexico
Corrections Department was in substantial compliance with the Ayers Settlement Agreement, (3)
the court in the Ferguson Case ordered that all claims in that case related to or challenging
conditions of confinement in Levels V and VI as constituting cruel and unusual punishment violative
of the Eighth Amendment were dismissed with prejudice, and (4) Plaintiff filed a state habeas corpus
case in the First Judicial District Court in the State of New Mexico captioned "*Amin Wali v. Tim
LeMaster*, No. D-0101CS200100002" (hereinafter, the "State Habeas Case") which involved issues
in this case related to the prison level system, lighting within the penitentiary and religious books.[19]
Defendants failed to submit affidavits in support of their motion; however, they did submit, as
exhibits to their supporting brief, unauthenticated copies of documents which purport to be the Ayers
Settlement Agreement, an order filed in the Ferguson Case on March 25, 2005 (hereinafter, the

---

[19]*See **Defendants' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal** (Doc. 39)*
at 4-6 and Exhibit 3 thereto.

"Ferguson Case Order"), and the petition filed by Plaintiff in his State Habeas Case.[20]  Defendants

ask the Court to take judicial notice of the copies of the Ayers Settlement Agreement and the

Ferguson Case Order, but do not make this request regarding Plaintiff's state habeas petition.[21]  The

undersigned will consider these exhibits in its determination of Defendants' motion for summary

judgment because Plaintiff failed to challenge the authenticity of these exhibits in his submissions

on the motion.[22]

In his responses to Defendants' motion, Plaintiff appears to argue that res judicata and

collateral estoppel do not apply to his claims in this case because (1) he was not a party to the

Ayers Settlement Agreement and did not sign it, (2) his claims in this case are based on the First,

Fourth and Fourteenth Amendments, rather than the Eighth Amendment, and there has been no

decision on the merits of those claims, (3) state court judge Michael Vigil, in what appears to be a

reference to the Ferguson Case, did not rule on the merits of Plaintiff's Eighth Amendment claim

and found that claim to be moot, (4) Plaintiff's attorney in the Ferguson Case lied to him about the

case and Plaintiff never agreed to withdraw his Eighth Amendment claim in that case, (5) the courts

in the state court cases relied on by Defendants in support of their motion had no personal or subject

matter over those cases, (6) the claims in the state court cases relied on by Defendants in support of

---

[20]*See **Defendants' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal** (Doc. 39)*,
Exhibits 1-3.

[21]*See **Defendants' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal** (Doc. 39)*
at 5-6.

[22]*See* 10A Charles Alan Wright,  Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil*
§ 2722 (3d ed. 2007) ("As is true of other material introduced on a summary-judgment motion, uncertified or otherwise
inadmissible documents may be considered by the court if not challenged.  The objection must be timely or it will be
deemed to have been waived.").

their motion were claims for habeas relief, not claims for relief under 42 U.S.C. § 1983, and (7) Plaintiff did not have a full and fair opportunity to litigate his claims in the State Habeas Case.[23]

Because Defendants' motion requires consideration of matters outside Plaintiff's complaint, the undersigned will treat the motion solely as  a motion for summary judgment and will not treat it as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[24]   Moreover, because Defendants' motion was filed, in the alternative, as both a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment under Fed. R. Civ. P. 56, and was briefed on that basis, it is not necessary to give the parties further opportunity to present material pertinent to the motion.

### A.  Standard for Summary Judgment

A court may grant summary judgment if a moving party demonstrates that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.[25]   A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[26]  The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[27]  Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from

---

[23]See **Request That Defendants [sic] Motion for Summary Judgement or Dismissal be Denied or Stayed** (*Doc. 44*) at 1; **Plaintiff's Response to Defendants [sic] Motion for Summary Judgement or Dismissal** (*Doc. 48*) at 1-7.

[24]Fed. R. Civ. P. 12(b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

[25]Fed. R. Civ. P. 56(c).

[26]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[27]See *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).

which a rational trier of fact could find for the nonmoving party.[28]  The nonmoving party may not rest on his pleadings, but must set forth specific facts showing there is a genuine issue for trial.[29] Supporting and opposing affidavits must be made on personal knowledge, set forth facts that would be admissible in evidence, and show that the affiant is competent to testify to the matters stated in the affidavit.[30]  Copies of documents, or parts of documents, referred to in an affidavit must be sworn or certified and either attached to, or served with, the affidavit.[31]  Only statements made with actual knowledge will support a motion for summary judgment and a court must disregard statements of mere belief.[32]  In considering a motion for summary judgment, a court assumes the evidence of the nonmoving party to be true and draws all justifiable inferences in the nonmoving party's favor.[33] The essential inquiry on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[34]

## B.  Res Judicata and Collateral Estoppel

Defendants appear to argue that all of Plaintiff's claims in this case are barred under principles of res judicata and collateral estoppel by the Ayers Settlement Agreement, the Ferguson Case Order and the petition in Plaintiff's State Habeas Case.  The undersigned concludes that

---

[28]*Id.* at 671.

[29]*See Applied Genetics Int'l., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also* Fed. R. Civ. P. 56(e).

[30]*See* Fed. R. Civ. P. 56(e).

[31]*Id.*

[32]*See Tavery v. United States*, 32 F.3d 1423, 1426 n. 4 (10th Cir. 1994).

[33]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.

[34]*Id.* at 251-52.

Defendants have failed to meet their initial burden of establishing that they are entitled to summary judgment on these grounds.

Whether the doctrines of res judicata and collateral estoppel bar Plaintiff's claims is a matter of New Mexico law. "In determining whether a state court judgment precludes a subsequent action in federal court, we must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment."[35]

The doctrine of res judicata, or claim preclusion, "bars litigation of claims that were or could have been advanced in an earlier proceeding."[36]  Under New Mexico law, "'[t]he doctrine of res judicata applies only to final judgments.'"[37]  Assuming the existence of a prior final judgment on the merits, a claim made in a subsequent lawsuit  is barred by res judicata when four requisite elements are met: (1) the parties are the same or in privity, (2) the subject matter is identical, (3) the capacity or character of the persons for or against whom the claim is made are the same, and (4) the same cause of action is involved in both suits.[38]

The doctrine of collateral estoppel, or issue preclusion, prevents a party from re-litigating the "ultimate facts or issues actually and necessarily decided in [a] prior suit by a valid and final judgment."[39]  Its purpose "is to aid in the finality of judgments by preventing parties from endlessly

---

[35]*Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993); *see also* 28 U.S.C. § 1738 (stating that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.").

[36]*State Ex Rel. Martinez v. Kerr-McGee Corp.*, 898 P.2d 1256, 1259 (N.M. Ct. App. 1995).

[37]*Rangel v. Save Mart, Inc.*, 142 P.3d 983, 992 (N.M. Ct. App. 2006), quoting *Salas v. Bolagh*, 747 P. 2d 259, 261 (N.M. Ct. App. 1987).

[38]*Myers v. Olson*, 676 P.2d 822, 824 (N.M. 1984).

[39]*Reeves v. Wimberly*, 755 P.2d 75, 77 (N.M. Ct. App. 1988), citing *Torres v. Village of Capitan*, 582 P. 2d 1277 (N.M. 1978).

relitigating the same issues under the guise of different causes of action."[40]  Under New Mexico law,

the requirements of collateral estoppel are that: (1) the party to be estopped was a party in the prior

litigation, (2) the cause of action in the current litigation is different from the cause of action in the

prior litigation, (3) the issue was actually litigated in the prior litigation, and (4) the issue was

necessarily decided in the prior litigation.[41]  If all of the foregoing elements are met, the court must

then determine if the party to be estopped "had a full and fair opportunity to litigate the issue in the

prior litigation."[42]

     Here, Defendants have failed to meet their initial burden of showing that there was a prior

final judgment to serve as a res judicata or collateral estoppel bar to Plaintiff's claims.  The

Ayers Settlement Agreement is not a judgment, much less a final judgment,[43] and neither are

Plaintiff's petition in the State Habeas Case or the Ferguson Case Order.[44]  Moreover, even if the

Ferguson Case Order were accorded preclusive effect, Defendants have failed to show that it

satisfies all the requisite elements of res judicata or collateral estoppel, under New Mexico law, such

that it bars Plaintiff's claims in this proceeding.  Consequently, the undersigned finds no factual or

---

[40]*Adams v. United Steelworkers of America, AFL-CIO, et al.,* 640 P.2d 475, 479 (N.M. 1982).

[41]*Shovelin v. Central New Mexico Electric Co-op, Inc.*, 850 P.2d 996, 1000 (N.M. 1993).

[42]*Id.*

[43]*See* 18A Charles Alan Wright,  Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Juris.* §4443 (2d ed. 2007) ("The first lesson is that a private settlement agreement does not give rise to preclusion if it is not transformed into a judgment.  Whatever effect it has on the future relationships between the parties derives from its force as a contract, not from res judicata.").

[44]By its own terms, the Ferguson Case Order is an order on the first stage of bifurcated proceedings of consolidated habeas corpus cases. *See ****Defendants' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal*** (*Doc. 39*), Exhibit 2.  The identity of the consolidated cases and the exact nature of the bifurcated proceedings are not specified in the order.  *See id.*  The order dismisses with prejudice "[a]ll claims in the above-styled and consolidated habeas corpus cases related to or challenging conditions of confinement in Levels V/VI as constituting cruel and unusual punishment in violation of the Eighth Amendment," but provides that other claims in the consolidated cases "related to or concerning due process, placement and retention in Levels V/VI, good time, legal access, or similar issues, will be heard on an individual basis for each of the named petitioners."  *Id.* at 2-3.

legal basis in the pleadings, the record of this case and Defendants' submissions for granting their motion for summary judgment on the grounds of res judicata or collateral estoppel.  With regard to these affirmative defenses, Defendants have failed to meet their initial burden of demonstrating that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law.

### C.  Mootness

Defendants also appear to argue that Plaintiff's claims in this case are barred by constitutional mootness.  More specifically, Defendants appear to argue that Plaintiff's claims are somehow rendered constitutionally moot by the Ayers Settlement Agreement, the Ferguson Case Order and the petition in Plaintiff's State Habeas Case.[45]  However, Defendants' mootness argument is brief and conclusory and consists of little more than a citation to case authority for the constitutional standard for mootness.

The doctrine of constitutional mootness is grounded in Article III of the United States Constitution which requires "that federal courts only decide 'actual, ongoing cases or controversies.'"[46]  The primary question in deciding whether a case has become moot "is whether the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."[47]  Defendants' minimalist argument in the brief in support of their motion fails to demonstrate how the Ayers Settlement Agreement, the Ferguson Case Order or the petition in Plaintiff's State Habeas Case render Plaintiff's claims in this case moot.  Therefore, with regard to

---

[45]*See **Defendants' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal** (Doc. 39)* at 3-6.

[46]*Phelps v. Hamilton*, 122 F.3d 885, 891 (10th Cir. 1997), quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

[47]*Phelps v. Hamilton*, 122 F.3d at 891 (citation omitted).

the issue of mootness, the undersigned concludes that Defendants have failed to meet their initial burden of establishing that there is no genuine issue of material fact and that they are entitled to summary judgment as a matter of law.

### D. Conclusion

For the reasons set forth above, the undersigned concludes that Defendants have failed to demonstrate that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law with regard to the affirmative defenses of res judicata, collateral estoppel and mootness raised in ***Defendants' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 38* and renewed as Doc. *218*).  Accordingly, the undersigned recommends that the motion be denied.

In recommending the denial of Defendants' motion, the undersigned acknowledges that it may be possible for Defendants to submit a more complete record to the Court on a second motion for summary judgment on grounds of res judicata, collateral estoppel and/or mootness with properly authenticated materials from prior state court proceedings and more definitive arguments in support of these affirmative defenses.  With regard to that possibility, the undersigned notes that the denial of Defendants' motion for summary judgment is not a decision on the merits and does not preclude them from raising at trial, or in a subsequent motion for summary judgment filed with leave of Court, any of the issues dealt with in the motion.[48]

### Amended Defendants' Motion for Summary Judgment or Dismissal

On October 25, 2005, Defendants originally filed their ***Amended Defendants' Motion for Summary Judgment or Dismissal*** (*Doc. 89*) seeking summary judgment or dismissal of this case.

---

[48]*See* 10A Charles Alan Wright, Arthur R. Miller &  Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2712 (3d. 2007).

16

Defendants did not file a brief concurrently with the amended motion. The amended motion fails to state any grounds for relief although it does state, without reference to any docket number or filing date, that "[t]he grounds in support of this motion are set forth in Defendants' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal."[49] It is not clear from the language of the amended motion whether this is a reference to ***Defendants' Memorandum Brief in Support of Motion for Summary Judgment or Dismissal*** (*Doc. 39*), filed previously on March 30, 2005, in support of ***Defendants' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 38* and renewed as *Doc. 218*), or a reference to another brief that was intended to be filed with the amended motion but never was. Neither the amended motion nor its certificate of service was signed by the attorney for Defendants who filed the amended motion.[50] Plaintiff filed a response to the amended motion (*Doc. 96*) on November 21, 2005. In his response, Plaintiff asked for leave of Court to use *Document 48* as a response to the amended motion and the Court granted his request in an order filed on December 5, 2005.[51]  *Document 48* was Plaintiff's response to Defendants' previously filed motion for summary judgment or dismissal (originally filed as *Doc. 38* and renewed as *Doc. 218*) which Plaintiff filed with the Court on April 22, 2005.[52] Thus, Plaintiff appears to have assumed that the grounds for Defendants' amended motion were the same as the grounds for ***Defendants' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 38* and renewed as *Doc. 218*), even though that is not expressly stated in the amended motion. Defendants filed a

---

[49]*See **Amended Defendants' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 89* and renewed as *Doc. 220*) at 1.

[50]*Id.* at 1-2.

[51]*See **Order*** (*Doc. 106*).

[52]*See **Plaintiff's Response to Defendants [sic] Motion for Summary Judgement or Dismissal*** (*Doc. 48*).

reply in support of the motion (*Doc. 104*) on December 1, 2005, and neither the reply nor its certificate of service were signed by the attorney for Defendants who filed the reply.[53]  In its ***Order*** (*Doc. 185*) filed on September 28, 2006, the Court denied Defendants' amended motion without prejudice, with leave to renew the motion by filing a notice with the Court.[54]  Defendants subsequently renewed the amended motion, as *Document 220*, by filing their ***Defendants' Notice to the Court to Renew All of Their Pending Dispositive Motions*** (*Doc. 217*) on December 27, 2006, in which Defendants identified the amended motion as a dispositive motion being renewed.

As an initial matter, the undersigned notes the omission of an attorney signature from Defendants' amended motion and reply.  As discussed previously, Rules 7(b)(3) and 11(a) of the Federal Rules of Civil Procedure require that all motions be signed by an attorney if a party is represented by counsel, and Rule 11(a) requires that an unsigned motion be stricken unless the signature omission is promptly corrected after being called to the attention of the attorney.  Thus, as with Defendant Shanks' motion discussed previously, it would be within the Court's power to strike Defendants' amended motion and reply unless Defendants remedied the signature omissions on these documents by filing duplicate documents signed by their attorney.[55]  However, because the amended motion should be denied for a different and alternative reason even if the signature omissions are cured, the undersigned recommends that the amended motion be denied, for the reason

---

[53]*See* **Reply to Response to Motion for Summary Judgment or Dismissal** (*Doc. 104*) at 4.

[54]*See* **Order** (*Doc. 185*) at 2-3.  The Court specified that Defendants could renew their dispositive motions by filing a notice with the Court once the Court entered a final order on Plaintiff's then pending **Motion for Amended Judgement** (*Doc. 15*) and the Tenth Circuit Court of Appeals entered a final decision in the appeal initiated by Plaintiff's filing of his **Notice of Appeal** (*Doc. 16*).  *See* **Order** (*Doc. 185*) at 3.

[55]*See Becker v. Montgomery*, 532 U.S. 757, 765 (2001) (omission of signature required by Fed. R. Civ. P. 11(a) is curable by submission of a duplicate document with required signature).

discussed below, without an opportunity to remedy the signature omissions on the amended motion and the reply.

Rule 7(b)(1) of the Federal Rules of Civil Procedure states that a motion, unless made during a hearing or at trial, "shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."[56] "The standard for particularity [under Rule 7(b)(1)] has been understood to mean reasonable specification. . . . Thus, a motion that fails to state any grounds for relief or a motion that simply states that there are several reasons for relief without explaining those grounds for relief is insufficient under Rule 7(b)(1)."[57] Here, Defendants' amended motion, filed without specification of the grounds for the motion and without specific reference to a supporting brief, is too skeletal for the undersigned to comprehend the grounds for the motion. Moreover, guessing at the grounds for the motion would be prejudicial to the Plaintiff and improper.[58] Consequently, the undersigned concludes that the amended motion should be denied because it fails to comply with the particularity requirements of Rule 7(b)(1) of the Federal Rules of Civil Procedure and D.N.M.LR-Civ. 7.1(a).

[56]Particularity is also required by the Court's local rules. D.N.M.LR-Civ. 7.1(a) requires that "[a] motion must be in writing and state with particularity the grounds and the relief sought."

[57]*Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1240 (10th Cir. 2006) (internal quotation marks and citation omitted).

[58]*See Registration Control Systems, Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990) ("The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly.").

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that the Court:

1.     **DISMISS** with prejudice, *sua sponte* under 42 U.S.C. §1997e(c)(1), Plaintiff's claims under 42 U.S.C. § 1983 for monetary relief against Defendants Williams, Bustos and Prescott in their official capacities;

2.     **DENY** as moot ***Defendant John Shanks' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 87* and renewed as *Doc. 219*);

3.     **DENY** ***Defendants' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 38* and renewed as *Doc. 218*); and

4.     **DENY** Defendants' ***Amended Defendants' Motion for Summary Judgment or Dismissal*** (originally filed as *Doc. 89* and renewed as *Doc. 220*).


*Lourdes A. Martinez*
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**