IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

               Plaintiff,

v.                                           **CIV-04-0239 MV/LAM**

JOE WILLIAMS, et al.,

               Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Defendants' motion for summary judgment contained in their ***Martinez Report and Motion for Summary Judgment*** (originally filed as *Document 101* on November 28, 2005, and renewed as *Document 221* on December 27, 2006).[2] Having reviewed the motion, the parties' submissions on the motion, the record of this case and relevant law, the undersigned recommends, for the reasons set forth below, that Defendants' motion be **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

### *Factual and Procedural Background*

Plaintiff, who is an inmate proceeding *pro se* and *in forma pauperis*, is incarcerated at the New Mexico State Penitentiary. In his complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

[2]Pursuant to the Court's orders (*Docs. 185, 216, 241*), all supporting briefs, responses and replies related to Defendants' motion were renewed when the motion was renewed.

names a number of current and former New Mexico corrections officials as defendants and asserts multiple claims for relief for alleged violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, all of which relate to prison conditions.  All of Plaintiff's claims in this case have been dismissed with prejudice, except his claims that (1) Defendants Prescott and Bustos wrote and edited New Mexico Corrections Department (hereinafter, "NMCD") policies that denied Plaintiff possession of personal and religious books, magazines and newspapers, and restricted his possession of letters and pictures, in violation of his rights under the First, Fourth and Fourteenth Amendments, and (2) Defendants Williams and Perry signed the foregoing policies into effect, in violation of Plaintiff's rights under the First, Fourth and Fourteenth Amendments.[3]  These policies are part of a level-system adopted by NMCD which places certain inmates in levels and seeks to manage their behavior using an incentive program based on increased privileges for behavior deemed appropriate.[4]  Plaintiff sues Defendants Williams, Bustos and Prescott in their individual and official capacities, and Defendant Perry in his individual capacity.[5]  Plaintiff's complaint seeks declaratory and injunctive relief, compensatory and punitive damages, costs and, although he is not represented by counsel, attorney's fees.[6]  Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding

---

[3]*See Civil Complaint* (*Doc. 1*) at ¶¶ 117-118.  The Court, in its ***Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, Granting Motion for Amended Judgement, Setting Aside Memorandum Opinion and Order, Vacating Judgment and Dismissing Claims With Prejudice*** (*Doc. 210*), dismissed with prejudice Plaintiff's claim that Defendant Bustos unlawfully changed the prison's "Inmate Request to a Staff Member" form, and also dismissed with prejudice Plaintiff's claims that Defendants Sedillo, LeMaster and Shanks unlawfully denied Plaintiff's prison grievances.

[4]*See Civil Complaint* (*Doc. 1*) at ¶ 4 ("These actions arose between July 1, 2000 and the present date when the New Mexico Corrections Department . . . implemented a new prison level system."); *see also **Defendants' Response to Motion for Court Order for Missing Policy and Addendum to Martinez Report*** (*Doc. 133*), Exhibit 2 at 1.

[5]*See Civil Complaint* (*Doc. 1*) at ¶¶ 20-23.

[6]*Id.* at ¶ 1 and pages numbered 11-13.

them to a less stringent standard than is required of a party represented by counsel.[7]   The

undersigned, in her **Proposed Findings and Recommended Disposition** (*Doc. 242*) filed on

August 23, 2007, has recommended, *inter alia*, that the presiding judge dismiss with prejudice, *sua*

*sponte* pursuant to 42 U.S.C. §1997e(c)(1), Plaintiff's claims under 42 U.S.C. § 1983 for monetary

relief against Defendants Williams, Bustos and Prescott in their official capacities because state

officials, acting in their official capacities, are not "persons" subject to liability for monetary

damages under Section 1983.

### Exhaustion of Prison Administrative Remedies

A *Martinez* report was required in this case pursuant to *Martinez v. Aaron*,

570 F.2d 317 (10th Cir. 1978), to determine, in part, whether Plaintiff had exhausted prison

administrative remedies with regard to his claims as required by the Prison Litigation Reform Act

of 1995 (hereinafter, "PLRA"), 110 Stat. 1321-66 to 1321-77, as amended, 42 U.S.C. § 1997e,

*et seq.*[8]   Exhaustion of prison administrative remedies is required under the PLRA,

42 U.S.C. § 1997e(a), and, at the time this case was filed, an inmate in the Tenth Circuit was

required to plead and demonstrate exhaustion in his complaint pursuant to *Steele v. Federal Bureau*

*of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003).  However, after the *Martinez* report in this case

was completed, the United States Supreme Court decided *Jones v. Bock*, _____ U.S. _____,

127 S.Ct. 910 (2007).  In *Jones*, the Supreme Court abrogated the holding in *Steele* by holding that

an inmate's failure to exhaust prison grievance procedures is an affirmative defense and, therefore,

---

[7]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n. 3 (10th Cir. 1991), citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[8]In his complaint, Plaintiff alleges exhaustion of administrative remedies with regard to all of his remaining claims.  *See* **Civil Complaint** (*Doc. 1*) at ¶¶ 28-31, 43.  Plaintiff appears to allege a combined exhaustion of administrative remedies as to his claims regarding restrictions on the possession of letters and photographs, although this is not entirely clear.  *See id.* at ¶¶ 43, 107-116.

"inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921; *see also Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007) (recognizing that *Jones* rejected the Tenth Circuit's rule in *Steele* and holding that the burden of proof for exhaustion of administrative remedies in a suit governed by the PLRA rests with the defendants). Although a district court can raise the issue of exhaustion *sua sponte* if it is clear on the face of a prisoner's complaint that he failed to exhaust administrative remedies, "'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.'" *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007), quoting *Aguilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Because Defendants have not raised the defense of failure to exhaust prison administrative remedies in their motion at issue before the Court, and because a failure to exhaust such remedies without a valid excuse is not clear from the face of Plaintiff's complaint, the undersigned need not address the issue of exhaustion in this PF&RD.

### *Defendants' Motion for Summary Judgment*

Defendants originally filed their motion for summary judgment as part of their ***Martinez Report and Motion for Summary Judgment*** (*Doc. 101*) on November 28, 2005. Defendants filed supplements to the *Martinez* report and motion for summary judgment (*Docs. 103, 108, 110, Exhibit 2 to 133, 153, 194*) on November 29, 2005, December 5, 2005, December 6, 2005, March 9, 2006, May 8, 2006, and October 13, 2006, respectively. Plaintiff filed a response to the *Martinez* report and motion for summary judgment (*Doc. 127*) on February 1, 2006, and filed supplements to his response (*Docs. 129, 152, 162 and 207*) on February 9, 2006, May 1, 2006, June 26, 2006 and November 6, 2006, respectively. Defendants filed a reply in support of the *Martinez* report and motion for summary judgment (*Doc. 131*) on

February 21, 2006.  The Court, in its **Order** (*Doc. 185*) filed on September 28, 2006, denied the motion for summary judgment contained in the *Martinez* report, without prejudice, with leave to renew the motion by filing a notice with the Court.[9]  Defendants subsequently renewed the motion, as *Document 221*, by filing their **Defendants' Notice to the Court to Renew All of Their Pending Dispositive Motions** (*Doc. 217*) on December 27, 2006, in which Defendants identified the motion as a dispositive motion being renewed.

Defendants assert that they are entitled to summary judgment pursuant to Fed. R. Civ. P. 56. More specifically, Defendants argue, as to Plaintiff's remaining claims, that (1) Plaintiff's official capacity claims against Defendants Williams, Bustos and Prescott are barred because these Defendants are state officials who cannot be sued in their official capacities under 42 U.S.C. § 1983,[10] (2) Plaintiff's claims that Defendants violated his rights under the First Amendment are barred because the prison level system that is the subject of his claims was established for legitimate administrative and penological objectives, including fire safety, institutional security, control of source and flow of property within the prison and the effective establishment of a behavior-incentive system,[11] and (3) Plaintiff's claims that Defendants violated

---

[9]*See* **Order** (*Doc. 185*) at 2-3.  The Court specified that Defendants could renew their dispositive motions by filing a notice with the Court once the Court entered a final order on Plaintiff's then pending **Motion for Amended Judgement** (*Doc. 15*) and the Tenth Circuit Court of Appeals entered a final decision in the appeal initiated by Plaintiff's filing of his **Notice of Appeal** (*Doc. 16*).  *See* **Order** (*Doc. 185*) at 3.

[10]*See* **Martinez Report and Motion for Summary Judgment** (*Doc. 101*) at 18-19. In their motion, Defendants use the words "Qualified Immunity" as the title of this argument and assert, in a single conclusory sentence, that "[t]he Defendants have qualified immunity from suit." *Id.*  However, Defendants make no arguments, and reference no factual or legal support, for a qualified immunity defense.  The undersigned cannot reasonably construe Defendants' motion as raising the defense of qualified immunity based on these skeletal assertions and it would be unfair to Plaintiff to do so.  Moreover, it is worth noting that the defense of qualified immunity is available only to defendants who are sued in their individual capacities and is, therefore, inapplicable to Plaintiff's claims against Defendants in their official capacities.  *See Moore v. City of Wynnewood*, 57 F.3d 924, 929, n. 4 (10th Cir. 1995) ("the defense of qualified immunity only applies to [defendants] in [their] individual capacit[ies]").

[11]*See* **Martinez Report and Motion for Summary Judgment** (*Doc. 101*) at 22.

5

his rights under the Fourteenth Amendment are barred because (a) Plaintiff fails to allege that he was treated differently under the prison level system than any other similarly situated inmates, (b) Plaintiff's status as a prisoner warrants treating him differently than persons who are not inmates, (c) the prison level system that is the subject of Plaintiff's claims was established for legitimate administrative and penological objectives, including fire safety, institutional security, control of source and flow of property within the prison and the effective establishment of a behavior-incentive system, (d) due process was given to Plaintiff regarding his placement in the prison level system, and (e) the NMCD has a compelling interest in limiting the number of articles in Plaintiff's cell.[12] There are no arguments in Defendants' motion regarding Plaintiff's claims that Defendants violated his rights under the Fourth Amendment.[13]  With the exception of two affidavits from an NMDC employee filed to explain the omission of documents from Defendants' *Martinez* report,[14] Defendants failed to submit any affidavits in support of their motion.  In considering Defendants' motion, the *Martinez* report is treated like an affidavit; however, the Court may not accept its factual findings if Plaintiff has presented conflicting evidence.[15]  Because Plaintiff's complaint alleges facts based on his personal knowledge and was sworn under penalty of perjury, it also can be treated as an affidavit.[16]

---

[12]*See **Martinez Report and Motion for Summary Judgment*** (*Doc. 101*) at 23-24.

[13]These claims, in paragraphs 117 and 118 of Plaintiff's ***Civil Complaint*** (*Doc. 1*), allege that Defendants Prescott, Bustos, Williams and Perry violated Plaintiff's rights under the Fourth Amendment to be "secure in [his] papers and effects against unreasonable searches and seizures."

[14]*See **Defendants' Response to Motion for Court Order for Missing Policy and Addendum to Martinez Report*** (*Doc. 133*), Exhibit 1; ***Defendants' Response to Court Order for Defendants to Produce "The Established Matrix" for CD143000 July 14, 2000 Version*** (*Doc. 153*), Exhibit 3.

[15]*See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991).

[16]*Id.*

In addition to the foregoing arguments, Defendants' motion includes arguments regarding some of Plaintiff's claims that have been dismissed with prejudice.  These arguments relate to Plaintiff's claims that (1) Defendant Sedillo denied Plaintiff's prison grievances regarding the prison's rule against his having lights on in his cell at night, (2) Defendant Bustos changed the prison's "Inmate Request to Staff Member" form, and (3) Defendants Sedillo and LeMaster denied Plaintiff's prison grievances regarding the prison mailroom and phone call request slips.[17]  Because these claims have been dismissed with prejudice and are no longer at issue in this case, Defendants' arguments regarding these claims are now moot and the undersigned will not address them here.[18]

### A.  Standard for Summary Judgment

A court may grant summary judgment if a moving party demonstrates that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law.[19]  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law."[20]  The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[21]  Once this initial burden is met, the burden shifts to the nonmoving party to present specific, admissible facts from which a rational trier of fact could find for the nonmoving party.[22]  The nonmoving party may not

---

[17]See **Martinez Report and Motion for Summary Judgment** (*Doc. 101*) at 25-26.

[18]As noted above, these claims were dismissed with prejudice in the Court's **Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, Granting Motion for Amended Judgement, Setting Aside Memorandum Opinion and Order, Vacating Judgment and Dismissing Claims With Prejudice** (*Doc. 210*), filed on November 14, 2006.

[19]Fed. R. Civ. P. 56(c).

[20]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[21]See *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998).

[22]*Id.* at 671.

rest on his pleadings, but must set forth specific facts showing there is a genuine issue for trial.[23]

Supporting and opposing affidavits must be made on personal knowledge, set forth facts that would

be admissible in evidence, and show that the affiant is competent to testify to the matters stated in

the affidavit.[24]   Copies of documents, or parts of documents, referred to in an affidavit must be

sworn or certified and either attached to, or served with, the affidavit.[25]   Only statements made with

actual knowledge will support a motion for summary judgment and a court must disregard

statements of mere belief.[26]   In considering a motion for summary judgment, a court assumes the

evidence of the nonmoving party to be true and draws all justifiable inferences in the nonmoving

party's favor.[27]   The essential inquiry on a motion for summary judgment is "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law."[28]

### B.  Plaintiff's Claims Against Defendants Williams, Bustos and Prescott in Their Official Capacities

Plaintiff has sued Defendants Williams, Bustos and Prescott in both their individual and

official capacities.[29]   In their motion, Defendants contend that Plaintiff's claims against these

---

[23]*See Applied Genetics Int'l., Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see also* Fed. R. Civ. P. 56(e).

[24]*See* Fed. R. Civ. P. 56(e).

[25]*Id.*

[26]*See Tavery v. United States*, 32 F.3d 1423, 1426 n. 4 (10th Cir. 1994).

[27]See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255.

[28]*Id.* at 251-52.

[29]*See* **Civil Complaint** (*Doc. 1*) at ¶¶ 20-21, 23.

Defendants in their official capacities are barred because they are not "persons" within the meaning of 42 U.S.C. § 1983 who can be sued under that statute.[30]

Defendants' argument on this point is correct insofar as Plaintiff's claims for compensatory and punitive damages are concerned because state officials cannot be sued for monetary damages under Section 1983 in their official capacities.[31]  That legal rule was the basis for the undersigned's recommendation, in *Proposed Findings and Recommended Disposition* (*Doc. 242*) filed on August 23, 2007, that the Court dismiss with prejudice, *sua sponte* under 42 U.S.C. § 1997e(c)(1), Plaintiff's claims under Section 1983 for monetary relief against Defendants Williams, Bustos and Prescott in their official capacities.[32]  However, state officials can be sued in their official capacities for prospective injunctive relief under Section 1983,[33] and they can also be sued for declaratory relief that it is ancillary to a judgment awarding prospective injunctive relief.[34]  Thus, to the extent that Plaintiff's complaint seeks prospective injunctive relief against Defendants in their official capacities to have them change prison policies and practices, and to the extent Plaintiff's complaint

---

[30]*See* **Martinez Report and Motion for Summary Judgment** (*Doc. 101*) at 19.

[31]*See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 71 & n. 10 (1989) (state officials sued for monetary relief in their official capacities are not "persons" under Section 1983).

[32]*See* **Proposed Findings and Recommended Disposition** (*Doc. 242*) at 20.

[33]*See Will v. Michigan Dep't. of State Police*, 491 U.S. at 71, n. 10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks and citation omitted).

[34]*See Isham v. Wilcox*, No. 00-2177, 2001 WL 505235 at **1 (10th Cir., May 14, 2001) (unpublished) (Section 1983 claims against state university officials and employees sued in their official capacities for damages and declaratory relief were barred by Eleventh Amendment immunity except to the extent that plaintiff's request for declaratory relief was ancillary to his request for injunctive relief), citing *Buchwald v. University of N.M. School of Medicine*, 159 F.3d 487, 494, n.3 (10th Cir. 1998); *see also Robinson v. State of Kansas*, 295 F.3d 1183, 1188 (10th Cir. 2002) (suits seeking prospective injunctive or declaratory relief against state officers for on-going violation of the Constitution are not barred by the Eleventh Amendment); *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995) (Eleventh Amendment bars federal court from ordering notice or declaratory relief against the state unless it is ancillary to a judgment awarding prospective injunctive relief).

seeks declaratory relief that is ancillary to such injunctive relief, his claims against Defendants in their official capacities are not barred by Eleventh Amendment immunity, as a matter of law, and Defendants' motion should be denied.

Based on the foregoing, the undersigned recommends that Defendants' motion be denied as moot with regard to their argument that Plaintiff's claims under Section 1983 for monetary relief against Defendants Williams, Bustos and Prescott in their official capacities are barred because they are not "persons" within the meaning of Section 1983 who can be sued under that statute. This argument is moot because the undersigned has already recommended, *sua sponte* in the ***Proposed Findings and Recommended Disposition*** (*Doc. 242*) filed on August 23, 2007, that Plaintiff's claims under Section 1983 for monetary relief against Defendants Williams, Bustos and Prescott in their official capacities be dismissed with prejudice.

With regard to Plaintiff's claims for declaratory and injunctive relief against Defendants Williams, Bustos and Prescott in their official capacities, the undersigned recommends that Defendants' motion be granted, as a matter of law, except to the extent that Plaintiff's complaint seeks prospective injunctive relief and any declaratory relief that is ancillary to such prospective injunctive relief, as to which the motion should be denied.

### C. Plaintiff's First Amendment Claims

In his complaint, Plaintiff alleges that Defendants Prescott and Bustos wrote and edited NMCD policies that prevented Plaintiff from possessing personal and religious books, magazines and newspapers, and restricted his possession of letters and pictures, in violation of his rights under the First Amendment to freedom of religion, freedom of the press and free speech.[35]  Additionally, Plaintiff alleges in his complaint that Defendants Williams and Perry signed the subject policies into

---

[35]*See **Civil Complaint** (Doc. 1)* at ¶ 117.

effect, which prevented Plaintiff from possessing personal and religious books, magazines and newspapers, and restricted Plaintiff's possession of letters and pictures, in violation of his rights under the First Amendment to freedom of religion, freedom of the press and free speech.[36]

More specifically, Plaintiff alleges that he was denied his constitutional rights in 2000 when a policy restricting the possession of personal and religious books was enacted and applied to deny him possession of legal, religious and self-help books.[37]  Plaintiff attaches an alleged copy of this policy as part of Exhibit I-4 to his complaint.  Plaintiff alleges that this policy was revised in 2003, but the offending section that violated his rights was not changed.[38]  Plaintiff further alleges that he was denied his constitutional rights in 2000 when a policy restricting the possession of religious books was enacted and applied to deny him possession of religious books.[39]  Plaintiff attaches an alleged copy of this policy as part of Exhibit I-3 to his complaint.  Plaintiff alleges that this policy was revised in 2003, and the number of allowed religious books increased from one to two, and he appears to allege that the revised policy was applied to deny him possession of religious books.[40]  Plaintiff further alleges that he was denied his constitutional rights in 2000 when a policy restricting the possession of magazines was enacted and applied to deny him possession of magazines.[41]  Plaintiff alleges that Exhibit I-4 to his complaint contains this policy.[42]  Plaintiff alleges that this

---

[36]*Id.* at ¶ 118.

[37]*Id.* at ¶¶ 44-46.

[38]*Id.* at ¶¶ 47-48.

[39]*Id.* at ¶¶ 51-53.

[40]*Id.* at ¶¶ 55-57.

[41]*Id.* at ¶¶ 58-60.

[42]*Id.* at ¶ 58.

policy was revised in 2003, but the offending section that violated his rights was not changed.[43]
Plaintiff appears to allege that the revised policy was applied to deny him possession of magazines.[44]
Plaintiff further alleges that he was denied his constitutional rights in 2000 when a policy restricting
the possession of newspapers was enacted and applied to deny him possession of newspapers.[45]
Plaintiff alleges that Exhibit I-4 to his complaint contains this policy.[46]  Plaintiff also alleges that he
was denied his constitutional rights at other times when this policy was applied to deny him
possession of newspapers.[47]  Plaintiff alleges that this policy was revised in 2003, but the offending
section that violated his rights was not changed.[48]  Plaintiff alleges that the revised policy was
applied to deny him possession of newspapers in 2003.[49]  Plaintiff further alleges that he was injured
in 2000, when a policy restricting the number of letters and pictures that a prisoner could receive
and possess was enacted and applied to deny him possession of more than three personal letters and
three personal pictures.[50]  Plaintiff alleges that on several occasions this policy was applied to deny
him possession of more than three personal letters and that four letters were confiscated from him
during a shakedown in 2001.[51]  Plaintiff alleges that this policy was revised in 2003, and the revised
policy no longer limits the number of letters that he can receive; however, the revised policy limits

---

[43]*Id.* at ¶¶ 61-62.

[44]*Id.* at ¶¶63-64.

[45]*Id.* at ¶¶ 66-68.

[46]*Id.* at ¶ 66.

[47]*Id.* at ¶¶ 69-70.

[48]*Id.* at ¶¶ 71-72.

[49]*Id.* at ¶ 73.

[50]*Id.* at ¶¶ 107-109.

[51]*Id.* at ¶ 110-111.

the number of letters and pictures that Plaintiff can possess to five of each.[52]  Plaintiff alleges that

Exhibits I-1 and I-2 to his complaint contain copies of the revised policy.[53]

In their motion, Defendants contend that Plaintiff's First Amendment claims are barred

because the prison level system that is the subject of his claims was established for legitimate

administrative and penological objectives, including fire safety, institutional security, control of the

source and flow of property within the prison and the effective establishment of a behavior-incentive

system.[54]  Defendants' argument on this point is wholly conclusory and consists of a single

paragraph.  Defendants' argument offers no citations to the *Martinez* report or to other evidentiary

support in the record.  It fails to identify the specific prison policies at issue, to discuss how the

policies were applied to Plaintiff, or to explain how the policies further legitimate administrative and

penological objectives.[55]  As legal support for the argument, Defendants cite *Neal v. D.F. Lewis*,

414 F.3d 1244 (10th Cir. 2005).  In *Neal*, the Tenth Circuit affirmed the dismissal, on summary

judgment, of a pro se prisoner's Section 1983 claim alleging that prison officials interfered with his

religious observances in violation of the First and Fourteenth Amendments.  The Tenth Circuit

concluded, *inter alia*, based on the record before it, that the policies in question provided the

prisoner "with a reasonable opportunity to pursue his religion in light of the prison's legitimate

administrative and penological objectives, including fire safety, institutional security, control of the

---

[52]*Id.* at ¶¶ 112-114.

[53]*Id.* at ¶ 114.

[54]*See* **Martinez Report and Motion for Summary Judgment** (*Doc. 101*) at 22-23.

[55]The undersigned also notes that Defendants' motion fails to comply with the Court's requirements for summary judgment motions filed in this district.  These requirements, contained in D.N.M.LR-Civ. 56.1(b), require that the moving party file a written memorandum with the motion containing a short, concise statement of the reasons in support of the motion with a list of authorities relied on.  The memorandum must also include a concise statement of all the material facts as to which the moving party contends no genuine issue exists and the facts must be numbered and refer with particularity to those portions of the record on which the moving party relies.

source and flow of property within the prison, and the effective establishment of a behavior-incentive program."[56]  However, it is apparent from reading the *Neal* case, and the memorandum opinion and order issued by the district judge on the underlying motion for summary judgment,[57] that the record of that case included evidentiary materials submitted by the defendants in support of the motion which included information regarding the policies at issue, their application to the plaintiff, and the goals and objectives that the policies were intended to further.

Defendants' submissions regarding this argument do not satisfy their initial burden on summary judgment.  Defendants have failed to meet their initial burden of demonstrating that there is no genuine issue as to any material fact and that Defendants are entitled to summary judgment as a matter of law.  Therefore, the undersigned recommends that Defendants' motion be denied with regard to their argument regarding Plaintiff's First Amendment claims.[58]

### D.  Plaintiff's Fourteenth Amendment Claims

In his complaint, Plaintiff alleges that Defendants Prescott and Bustos wrote and edited NMCD policies that prevented Plaintiff from possessing personal and religious books, magazines and newspapers, and restricted his possession of letters and pictures, in violation of his rights under

---

[56]*Neal v. D.F. Lewis*, 414 F.3d 1244, 1248 (10th Cir. 2005).

[57]*Neal v. D.F. Lewis*, 325 F. Supp. 2d 1231 (D. Kan. 2004).

[58]In recommending the denial of Defendants' motion on this and other issues, for failing to meet their initial burden on summary judgment, the undersigned acknowledges that it may be possible for Defendants to submit a more complete and better-supported motion for summary judgment on one or more of these issues in another motion for summary judgment.  With regard to that possibility, the undersigned notes that the denial of Defendants' motion for summary judgment for failing to meet their initial burden is not a decision on the merits and does not preclude them from raising at trial, or in a subsequent motion for summary judgment filed with leave of Court, any of the issues as to which they failed to meet their burden.  *See* 10A Charles Alan Wright, Arthur R. Miller &  Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2712 (3d. 2007).

14

the Fourteenth Amendment to due process and equal protection of the law.[59]  Additionally, Plaintiff

alleges in his complaint that Defendants Williams and Perry signed the subject policies into effect,

which prevented Plaintiff from possessing personal and religious books, magazines and newspapers,

and restricted his possession of letters and pictures, in violation of his rights under the Fourteenth

Amendment to due process and equal protection of the law.[60]

### 1.  Plaintiff's Due Process Claims

The exact nature of Plaintiff's due process claims is less than clear, although it appears from

the allegations in his complaint that he is claiming that Defendants deprived him of property, *i.e.*,

personal and religious books, magazines, newspapers, letters and pictures, in violation of his right

to due process of law under the Fourteenth Amendment.[61]

In their motion, Defendants contend that Plaintiff's due process claims are barred because:

(1) due process was given to Plaintiff regarding his placement in the prison level system, and

(2) NMCD has a compelling interest in limiting the number of articles Plaintiff has in his cell.[62]

This argument by Defendants suffers from many of the same deficiencies as their argument

regarding Plaintiff's First Amendment claims.  The argument is brief and conclusory and includes

no specific references to the *Martinez* report or to other evidentiary support in the record.[63]  It fails

---

[59]*See **Civil Complaint** (Doc. 1)* at ¶ 117.

[60]*Id.* at ¶ 118.

[61]*Id.* at ¶¶ 117-118.

[62]*See **Martinez Report and Motion for Summary Judgment** (Doc. 101)* at 23-24.

[63]Defendants' argument refers to a summary of a disciplinary policy, without specifically identifying it, which may be Exhibit 8 to the ***Martinez Report and Motion for Summary Judgment** (Doc. 101)* which is a summary of Plaintiff's grievances.  *See **Martinez Report and Motion for Summary Judgment** (Doc. 101)* at 24, ¶ 17.  If so, Defendants fails to explain in their motion how this summary of Plaintiff's prison grievances specifically relates to Plaintiff's due process claims in this lawsuit.  Defendants' argument also refers to unspecified disciplinary and level policies and procedures attached to the *Martinez* report (*id.*); however, there are multiple documents of this nature in the

(continued...)

to identify the specific prison policies at issue or discuss how the policies were applied to Plaintiff, and it fails to explain how Plaintiff was afforded due process.  Apart from argument by their counsel, which is not evidence, Defendants fail to cite any evidentiary support in the record for their contention that NMCD has a compelling interest in limiting the number of articles in prisoners' cells.  Defendants' argument also fails to comply with the requirements in D.N.M.LR-Civ. 56.1(b) for summary judgment motions in that it lacks a written memorandum with a short, concise statement of reasons in support of the motion, a list of authorities relied on, and a concise statement of all material facts relied on which are numbered and refer with particularity to those portions of the record relied on.

Defendants' submissions regarding this argument do not satisfy their initial burden on summary judgment.  Defendants have failed to meet their initial burden of demonstrating that there is no genuine issue as to any material fact and that Defendants are entitled to summary judgment as a matter of law.  Therefore, the undersigned recommends that Defendants' motion be denied with regard to their argument regarding Plaintiff's due process claims.

### 2.  Plaintiff's Equal Protection Claims

Plaintiff's claims that he was denied equal protection of the law by Defendants contain no allegations that he was treated differently than any other, similarly situated persons.[64]  Moreover, in his response to Defendants' *Martinez* report and motion, Plaintiff concedes that his "equal protection claims do not have to do with prisoners in level 5 or 6 being treated differently than me

---

[63](...continued)
*Martinez* report and the undersigned is unable to guess which documents Defendants have in mind in connection with their motion.

[64]*See Civil Complaint* (*Doc. 1*) at ¶ 117-118.

with regard to religious text."[65]  Nor has Plaintiff presented any evidence in response to Defendants' motion that he was treated differently than other persons who were similarly situated.

In their motion, Defendants argue that Plaintiff's failure to allege that he was treated differently than similarly situated inmates warrants entry of summary judgment on his equal protection claims.[66]  The undersigned agrees.  "To sustain a claim under the Equal Protection Clause, [Plaintiff] must provide evidence that he was treated differently from others who are similarly situated to him, and that the acts forming the basis of the claim were motivated by a discriminatory purpose."[67]  Because Plaintiff has not alleged or presented any evidence of some form of disparate treatment - that similarly situated individuals are treated differently - summary judgment on his equal protection claims is appropriate.  Therefore, the undersigned recommends that Defendants' motion be granted as to Plaintiff's equal protection claims and that the Court enter summary judgment on these claims in favor of Defendants.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Defendants' motion for summary judgment contained in their *Martinez Report and Motion for Summary Judgment* (originally filed as *Document 101* on November 28, 2005, and renewed as *Document 221* on December 27, 2006), be **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[65]*Response to Martinez Report* (*Doc. 127*) at ¶ 57.

[66]*See Martinez Report and Motion for Summary Judgment* (*Doc. 101*) at 23.

[67]*Derrick v. Ward*, No. 03-6090, 2004 W.L. 38545, 91 Fed. Appx. 57, *62 (10th Cir. January 8, 2004) (unpublished) (citing *Marshall v. Columbia Lea Reg'l. Hosp.*, 345 F.3d 1157, 1179 (10th Cir. 2003)).

1.      The motion be **DENIED** as moot insofar as it seeks summary judgment on Plaintiff's claims under 42 U.S.C. § 1983 for monetary relief against Defendants Williams, Bustos and Prescott in their official capacities;

2.      The motion be **GRANTED** insofar as it seeks summary judgment on Plaintiff's claims under 42 U.S.C. § 1983 for declaratory and injunctive relief against Defendants Williams, Bustos and Prescott in their official capacities, except to the extent that Plaintiff's complaint seeks prospective injunctive relief and any declaratory relief that is ancillary to such prospective injunctive relief, as to which the motion should be **DENIED**.

3.      The motion be **DENIED** insofar as it seeks summary judgment on Plaintiff's claims against Defendants Williams, Bustos, Prescott and Perry for the violation of Plaintiff's rights under the First Amendment;

4.      The motion be **DENIED** insofar as it seeks summary judgment on Plaintiff's claims against Defendants Williams, Bustos, Prescott and Perry for the violation of Plaintiff's due process rights under the Fourteenth Amendment; and

5.      The motion be **GRANTED** insofar as it seeks summary judgment on Plaintiff's claims against Defendants Williams, Bustos, Prescott and Perry for the violation of Plaintiff's right to equal protection of the law under the Fourteenth Amendment.


_Lourdes A. Martínez_
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**