IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MCGHEE,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　**CIV-04-0239 MV/LAM**

**JOE WILLIAMS, et al.,**

        **Defendants.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

**THIS MATTER** is before the Court on Plaintiff's *Third Motion for Reconsideration of Courts [sic] Order in Doc. 210* (*Doc. 232*), filed on May 17, 2007.  Having reviewed the motion, Defendants' response to the motion (*Doc. 235*), Plaintiff's reply to the response (*Doc. 238*), Plaintiff's notice of errata regarding the motion and the reply (*Doc. 239*), the record in this case and relevant law, the undersigned recommends, for the reasons set forth below, that the motion be **GRANTED IN PART** and **DENIED IN PART**, and that: (1) Plaintiff be allowed to file an amended complaint as a matter of right pursuant to the first sentence of Fed. R. Civ. P. 15(a) within thirty (30) days after entry of an order adopting these proposed findings and recommended disposition, provided that his amended complaint does not re-assert any claims that have already been dismissed with prejudice from this case or assert any supplemental claims related to

---

[1] **Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

transactions, occurrences or events that have happened since March 1, 2004, the date that Plaintiff filed his *Civil Complaint* (*Doc. 1*); and (2) as to all other matters, Plaintiff's motion be **DENIED**.

## *Factual and Procedural Background*

Plaintiff, who is an inmate proceeding *pro se* and *in forma pauperis*, is incarcerated at the New Mexico State Penitentiary. In his *Civil Complaint* (*Doc. 1*), brought pursuant to 42 U.S.C. § 1983, Plaintiff named a number of current and former New Mexico corrections officials as defendants and asserted multiple claims for relief for alleged violations of his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, all of which related to prison conditions. Most of Plaintiff's claims in this case have been dismissed with prejudice.[2] Plaintiff's remaining claims are his claims that: (1) Defendants Prescott and Bustos wrote and edited New Mexico Corrections Department policies that denied Plaintiff possession of personal and religious books, magazines and newspapers, and restricted his possession of letters and pictures, in violation of his rights under the First, Fourth and Fourteenth Amendments; and (2) Defendants Williams and Perry signed the foregoing policies into effect, in violation of Plaintiff's rights under the First, Fourth and Fourteenth Amendments.[3] Plaintiff sues Defendants Williams, Bustos and

---

[2]Plaintiff's claims that have been dismissed with prejudice are: (1) his claim under 42 U.S.C. § 1983 that Defendant Bustos unlawfully changed the prison's "Inmate Request to a Staff Member" form; (2) his claims under 42 U.S.C. § 1983 that Defendants Sedillo, LeMaster and Shanks unlawfully denied his prison grievances; (3) his claims under 42 U.S.C. § 1983 for monetary relief against Defendants Williams, Bustos and Prescott in their official capacities; (4) his claims under 42 U.S.C. § 1983 for declaratory and injunctive relief against Defendants Williams, Bustos and Prescott in their official capacities, except to the extent that his complaint seeks prospective injunctive relief and any declaratory relief that is ancillary to such prospective injunctive relief; and (5) his claims under 42 U.S.C. § 1983 against Defendants Williams, Bustos, Prescott and Perry for the violation of his right to equal protection of the law under the Fourteenth Amendment. *See Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, Granting Motion for Amended Judgement, Setting Aside Memorandum Opinion and Order, Vacating Judgment and Dismissing Claims With Prejudice* (*Doc. 210*); *Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 242)* (*Doc. 244*); and *Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 243) and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment Contained in Their Martinez Report and Motion for Summary Judgment (Doc. 221)* (*Doc. 245*).

[3]*See* **Civil Complaint** (*Doc. 1*) at 10.

Prescott in their individual and official capacities, and Defendant Perry in his individual capacity.[4] Plaintiff's complaint seeks declaratory and injunctive relief, compensatory and punitive damages, costs and, although he is not represented by counsel, attorney's fees.[5] Because Plaintiff appears in this case *pro se*, the Court construes his pleadings and submissions liberally, holding them to a less stringent standard than is required of a party represented by counsel.[6]

### *Analysis of Plaintiff's Motion*

Plaintiff's motion is titled "Third Motion for Reconsideration of Courts [sic] Order in Doc. 210." However, it is apparent from reading the motion and its exhibits that it is a motion to amend Plaintiff's **Civil Complaint** (*Doc. 1*) and the undersigned construes it as such.[7] The motion contains multiple references to "new" and "amended" claims that Plaintiff proposes to assert in this case and the motion includes, as exhibits, documents titled "Fourth Notice and Motion for Leave to File Amended Complaint" and "Proposed Amended Complaint."[8] At the conclusion of the motion, Plaintiff states: "I'm sure the attached proposed amended complaint overcomes any

---

[4]*Id.* at 2.

[5]*Id.* at 1 and 11-13.

[6]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

[7]*Document 210*, referred to in the title of Plaintiff's motion, is an **Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, Granting Motion for Amended Judgement, Setting Aside Memorandum Opinion and Order, Vacating Judgment and Dismissing Claims With Prejudice** entered by the presiding judge in this case on November 14, 2006. Regardless of how Plaintiff's motion is construed, the undersigned finds no basis in Plaintiff's motion and his related submissions for reconsidering or altering the presiding judge's rulings in *Document 210*.

[8]*See* **Third Motion for Reconsideration of Courts [sic] Order in Doc. 210** (*Doc. 232*), Exhibits 1 and 2, respectively. The undersigned notes that neither of these exhibits has been filed as a separate document in this case.

deficiency concerning the claims against defendants LeMaster and Shanks" and "I am hoping that the court will allow me to amend the complaint."[9]

In his submissions, Plaintiff makes several arguments in support of his motion but one of his arguments supercedes the rest. That is his argument, made for the first time in this case in Exhibit 1 to the motion, that he should be allowed to amend his complaint as a matter of right under the first sentence of Rule 15(a) of the Federal Rules of Civil Procedure because Defendants have not served a pleading in response to Plaintiff's *Civil Complaint* (*Doc. 1*).[10] Defendants do not address this argument in their response to the motion (*Doc. 235*). Under the first sentence of Rule 15(a), a party is given the right to amend his complaint once, as a matter of course, at any time before a responsive pleading is served, without leave of court.[11] In this case, Defendants have not filed, and presumably have not served, any pleadings responsive to Plaintiff's complaint and Plaintiff has not previously amended his complaint.[12] Thus, Plaintiff is entitled to amend his complaint once, under the first

---

[9]*Id.* at 3.

[10]*Id.*, Exhibit 1 at 1, 7.

[11]Fed. R. Civ. P. 15(a) provides, in its entirety, that:

> (a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

[12]Defendants filed dispositive motions to dismiss and for summary judgment in response to Plaintiff's complaint, but these motions were not responsive pleadings within the meaning of Rule 15(a). *See, e.g., Brever v. Rockwell International Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (motions to dismiss or for summary judgment are not responsive pleadings within the meaning of Rule 15(a)), citing *Zaidi v. Ehrlich*, 732 F.2d 1218, 1219-20 (5th Cir.1984).

sentence of Rule 15(a), as a matter of right, before a responsive pleading is filed and leave of Court is not required to do so.[13]

It is not clear from Plaintiff's motion and related submissions just exactly what he proposes to file as an amended complaint. He has not filed an amended complaint, but he has attached a document titled "Proposed Amended Complaint" as Exhibit 2 to his motion.[14] However, Exhibit 2 is a list of proposed changes to Plaintiff's existing complaint and is not, in itself, a complete amended complaint. On the first page of Exhibit 2, Plaintiff states: "If [the] motion to amend is granted, I will file a complete amended complaint containing only those changes the court has approved."[15] Plaintiff's reply (*Doc. 238*) and notice of errata (*Doc. 239*) contain additional proposed changes to Plaintiff's existing complaint.[16] The undersigned finds that Plaintiff's proposed changes to his existing complaint are not clear enough to be considered, *in toto*, an amended complaint and Defendants would be hard-pressed to answer them if they were. Consequently, the resolution of this case will be enhanced if Plaintiff is given time to file an amended complaint which, as a single document, contains the allegations that Plaintiff wants to include in his amended pleading. Therefore, the undersigned recommends that the Court permit Plaintiff to file and serve a single

---

[13]Plaintiff previously filed a motion for leave of court to amend and supplement his complaint under the second sentence of Fed. R. Civ. P. 15(a). *See Notice and Motion for Leave to File Amended and Supplemental Complaint* (*Doc. 174*). This motion was denied by the undersigned in an *Order Denying Plaintiff's Notice and Motion for Leave to File Amended and Supplemental Complaint (Doc. 174)* (*Doc. 205*) which was affirmed by the presiding judge in a *Memorandum Opinion and Order* (*Doc. 236*). The undersigned finds that Plaintiff, who is proceeding *pro se*, did not waive his right to file an amended complaint as a matter of right under the first sentence of Rule 15(a) by first seeking leave to amend and supplement his complaint under the second sentence of Rule 15(a). *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1482 (2d ed. 2006) ("The language of Rule 15(a) does not prevent a party from requesting leave to amend before exercising the right to amend as of course; it only prohibits the service of amendments as of course when the specific time for imposing them has elapsed.").

[14]*See **Third Motion for Reconsideration of Courts [sic] Order in Doc. 210*** (*Doc. 232*), Exhibit 2.

[15]*Id.*, Exhibit 2 at 1.

[16]*See **Reply to Response to Third Motion for Reconsideration of Courts [sic] Order in Document 210*** (*Doc. 238*); ***Notice to the Court: Errors and Clarification in Doc. 232; 237; and 238*** (*Doc. 239*).

document which is complete, in itself, as an amended complaint. In making this recommendation, the undersigned expresses no opinion on the merits of any claims proposed by Plaintiff in his motion and submissions.

The undersigned recommends that Plaintiff be cautioned that the right to amend his complaint under the first sentence of Rule 15(a) without leave of court does not include the right to assert supplemental claims and that Plaintiff not be allowed to file supplemental claims without leave of court. Supplemental claims, which are claims related to transactions, occurrences or events that have happened since the date Plaintiff filed his existing complaint on March 1, 2004, require leave of Court which has not been granted to Plaintiff in this case. *See* Fed. R. Civ. P. 15(d). In addition, the undersigned recommends that Plaintiff be cautioned against reasserting any claims that have been dismissed with prejudice from this case and that Plaintiff not be allowed to file such claims in an amended complaint.[17] Finally, as a scheduling matter the undersigned recommends that Plaintiff be given thirty days after these proposed findings and recommended disposition are adopted to file and serve an amended complaint. Pursuant to Fed. R. Civ. P. 15(a), Defendants will have the right to plead in response to an amended complaint and to assert any applicable affirmative defenses including, without limitation, those listed in Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12(b). The ten (10) day time limitation in Fed. R. Civ. P. 15(a) shall govern the deadline for filing Defendants' response, and assertion of any affirmative defenses, to the amended complaint. As to all other matters, the undersigned recommends that Plaintiff's motion be denied.

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, the undersigned recommends that:

---

[17] These are the claims listed in footnote 2, above.

1. The Court **GRANT** Plaintiff's ***Third Motion for Reconsideration of Courts [sic] Order in Doc. 210*** (*Doc. 232*), to the extent that Plaintiff seeks to file an amended complaint as a matter of right pursuant to the first sentence of Fed. R. Civ. P. 15(a), and permit Plaintiff to file an amended complaint within thirty (30) days after entry of an order adopting these proposed findings and recommended disposition, provided that his amended complaint does not re-assert any claims that have already been dismissed with prejudice from this case or assert any supplemental claims related to transactions, occurrences or events that have happened since March 1, 2004, the date that Plaintiff filed his ***Civil Complaint*** (*Doc. 1*). The ten (10) day time limitation in Fed. R. Civ. P. 15(a) shall govern the deadline for filing Defendants' response, and assertion of any affirmative defenses, to the amended complaint.

2. The Court **DENY** Plaintiff's ***Third Motion for Reconsideration of Courts [sic] Order in Doc. 210*** (*Doc. 232*) as to all other matters.

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**