# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MCGHEE,**

        **Plaintiff,**

**v.**                               **CIV-04-0239 MV/LAM**

**JOE WILLIAMS, et al.,**

        **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 290*) (hereinafter, "PF&RD"), filed on June 1, 2009.  No party has filed objections to the PF&RD, and the deadline for doing so has passed.  Accordingly, the Court has determined that it will adopt the PF&RD; grant in part, and deny in part, Defendants' Motion to Dismiss (*Doc. 262*); and deny Plaintiff's Motion for Leave to Amend Complaint (*Doc. 289*).

**IT IS THEREFORE ORDERED** that the Proposed Findings and Recommended Disposition (*Doc. 290*) are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (*Doc. 262*) is **GRANTED IN PART** and the following claims in Plaintiff's Amended Civil Complaint (*Doc. 253*) are **dismissed with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted:

    1.      Defendants Perry, Williams, Bustos and Prescott wrote, edited, signed and enforced New Mexico Corrections Department (hereinafter, "NMCD") policies against Plaintiff that denied

him the right to possess religious and legal books, magazines and newspapers, and restricted his possession of letters, in violation of his rights under the Fourth Amendment to the U.S. Constitution and his rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution;

2.      Defendants Perry, Williams, Bustos, Prescott, Sedillo, LeMaster, Beals and Thompson wrote, edited, signed and enforced NMCD policies against Plaintiff that did not conform to law prescribed for the governance of the penitentiary in accordance with N.M. Stat. Ann. § 33-2-15 (1978) for which they are liable in tort under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 through 41-4-27 (2008);

3.      Defendants Moore and Warren ignored the fact that Plaintiff had a DSM-IV illness listed in his mental health file and denied him placement in an Alternative Placement Area in violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution;

4.      Defendants Ulibarri, Perry, Prescott and Bustos changed an NMCD behavioral program contract policy in a way that prevented Plaintiff from using the policy in violation of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution, and the policy is unconstitutional on its face under the Eighth Amendment;

5.      Defendant LeMaster wrote and signed NMCD Policy PNM-032401 which subjects maximum security prisoners to submit to visual anal examinations when going from one secure area of the prison to another and Plaintiff was subjected to this policy in violation of his rights under the Fourth Amendment to the U.S. Constitution;

6.      Defendants Tafoya, Shanks, Ulibarri, Prescott and Casaus suspended Plaintiff's visits with his wife for a total of four years and six months, without giving him notice of the suspension

or a time limit on how long the suspension would last, in violation of his rights under the First and Eighth Amendments to the U.S. Constitution and the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution;

7.  Defendants Mares, Ulibarri, Prescott and Shanks denied Plaintiff money orders from his wife in violation of his rights under the Fourteenth Amendment to the U.S. Constitution; and

8.  Defendants Perry, Bustos, Ulibarri, Prescott, Shanks and LeMaster wrote, edited, signed and enforced an NMCD policy against Plaintiff that subjected him to sixteen consecutive months of disciplinary segregation which constituted cruel and unusual punishment and violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

**IT IS FURTHER ORDERED** that as to all other matters, Defendants' Motion to Dismiss (*Doc. 262*) is **DENIED**, and Plaintiff may proceed in this matter as to the following, remaining claims: (1) Defendants Perry, Williams, Bustos and Prescott wrote, edited, signed and enforced NMCD policies against Plaintiff that denied him the right to possess religious and legal books, magazines and newspapers, and restricted his possession of letters, in violation of his rights under the First Amendment to the U.S. Constitution; (2) Defendants Perry, Prescott and Bustos wrote, edited, signed and enforced NMCD policies against Plaintiff which caused him to be denied recreation for one-hundred and twenty consecutive days in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution; and (3) Defendants Tafoya, Shanks, Ulibarri, Prescott and Casaus suspended Plaintiff's visits with his wife for a total of four years and six months, without giving him notice of the suspension or a time limit on how long the suspension would last, in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

3

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (*Doc. 289*) is **DENIED**.

**IT IS SO ORDERED.**

_____
**HONORABLE MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

4