IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WILLIAM MCGHEE,**

        **Plaintiff,**

**v.**                                              **CIV-04-0239 MV/LAM**

**JOE WILLIAMS, et al.,**

        **Defendants.**

**ORDER FOR SUPPLEMENTAL BRIEFING**

**THIS MATTER** is before the Court on the Court's *Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition* (*Doc. 293*), entered on July 8, 2009, wherein the Court dismissed several of Plaintiff's claims in his *Amended Civil Complaint* (*Doc. 253*) with prejudice, and stated that Plaintiff may proceed in this matter as to his three remaining claims.  The Court notes that this case was filed on March 1, 2004, and it involves almost 300 documents including multiple dispositive motions and supplements to the record.  Despite this lengthy record, the parties have not provided the Court with sufficient information for the Court to determine whether there are genuine issues of material fact regarding Plaintiff's three remaining claims.  The Court, therefore, has determined that supplemental briefing by the parties would be useful in deciding the three remaining claims in Plaintiff's *Amended Civil Complaint* (*Doc. 253*).

On June 1, 2009, the Court entered its *Proposed Findings and Recommended Disposition* (*Doc. 290*) on Defendants' *Motion to Dismiss* (*Doc. 262*), wherein the Court found that Plaintiff stated a claim under Fed. R. Civ. P. 12(b)(6) for the following claims: (1) that Defendants Perry, Williams, Bustos and Prescott wrote, edited, signed and enforced New Mexico Corrections Department (hereinafter "NMCD") policies against Plaintiff that denied him the right to possess

religious and legal books, magazines and newspapers, and restricted his possession of letters, in violation of his rights under the First Amendment to the United States Constitution (*id.* at 14-15 and 43); (2) that Defendants Perry, Prescott and Bustos wrote, edited, signed and enforced NMCD policies against Plaintiff which caused him to be denied recreation for 120 consecutive days in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution (*id.* at 18-20 and 43); and (3) that Defendants Tafoya, Shanks, Ulibarri, Prescott and Casaus suspended Plaintiff's visits with his wife for a total of four years and six months, without giving him notice of the suspension or a time limit on how long the suspension would last, in violation of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution (*id.* at 31-32 and 43-44).  The Court has determined that it needs more information in order to determine whether there is a genuine issue of material fact regarding these claims which would require the Court to hold an evidentiary hearing.  To assist the Court in making this determination, the Court directs the parties to supplement the record by each filing additional dispositive motions and supporting documentation containing the following information:

     1.     Information regarding whether Plaintiff's three remaining claims can proceed under the summary judgment standard of Fed. R. Civ. P. 56(c), which is whether "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

     2.     Materials which support the parties' dispositive motions, including sworn affidavits and relevant records, pursuant to Fed. R. Civ. P. 56(e).  The Court directs the parties to carefully note that "[t]o defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise," and "[u]nsubstantiated allegations carry no

probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citations and quotations omitted).

  3. Specifically, the Court directs the parties to file dispositive motions and provide supporting documentation to address the following issues :

    A. Analysis, under the reasonableness test articulated in *Turner v. Safley*, 482 U.S. 78, 93 (1987), of Plaintiff's claim that enforcement of NMCD policies violated his First Amendment rights (*see* **Proposed Findings and Recommended Disposition** (*Doc. 290*) at 14-15);

    B. Documentation of the length of time Plaintiff was denied out-of-cell recreation and any reasons therefore (*see id.* at 19-20); and

    C. Analysis under the standard set forth in *Sandin v. Conner*, 515 U.S. 471 (1995) and *Overton v. Bazzetta*, 539 U.S. 126 (2003), and as discussed in *Cordova v. LeMaster*, 136 N.M. 216 (2004), of whether Plaintiff has proven that he has a constitutionally protected state-created liberty interest in spousal visitation and whether he was deprived of that interest without the procedural safeguards afforded by the Due Process clause of the Fourteenth Amendment (*see id.* at 31-32). Specifically, the parties should address the following in their submissions:

     a. The existence of NMDC regulations regarding spousal visitation and whether they applied to Plaintiff's spousal visits;

     b. Whether Plaintiff had an alternate means of exercising his asserted right of association;

     c. What impact the accommodation of Plaintiff's asserted associational rights would have on guards, inmates and prison resources;

     d. The presence of any ready alternatives to the regulations;

     e. The reasons for the suspension of Plaintiff's spousal visitation;

    f. Whether the suspension of Plaintiff's spousal visitation was indefinite or for a limited time;

    g. Whether Plaintiff received written notice of the charge giving rise to the suspension of spousal visitation;

    h. Whether and how Plaintiff was given an opportunity to be heard, present evidence, and rebut the evidence against him;

    i. Whether Plaintiff was given a written statement by an impartial factfinder as to the evidence relied on and the reasons for the disciplinary action, including the length of time chosen for the discipline; and

    j. Whether the recognition of a protected liberty interest in spousal visitation in *Cordova v. LeMaster* applies retroactively to the time period Plaintiff alleges denial of spousal visitation in his ***Amended Civil Complaint*** (*Doc. 253*).

 The Court further directs the parties to submit supporting documentation and sworn affidavits to support their dispositive motions regarding Plaintiff's three remaining claims ***even if they have previously submitted that information in this case***.

 **IT IS THEREFORE ORDERED** that:

 1. The parties shall file and serve *one* dispositive motion each, in accordance with the Court's direction set forth above, on Plaintiff's remaining claims, **complete with citations to the record and supporting authority,** *on or before August 17, 2009*; and

 2. The parties shall file and serve *one* response each to the other party's supplemental dispositive motion and supporting documentation *on or before September 8, 2009*; and

 3. The parties may file and serve *one* reply each to the other party's response ***on or before September 17, 2009***.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
_____
**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**