IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM MCGHEE,

       Plaintiff,

v.                                     CIV-04-0239 MV/LAM

JOE WILLIAMS, et al.,

       Defendants.

## ORDER SETTING DEADLINE FOR DEFENDANTS TO SUBMIT SUPPLEMENTAL BRIEFING ON PLAINTIFF'S REMAINING CLAIMS

**THIS MATTER** comes before the Court *sua sponte* after the Court held an evidentiary hearing on January 27, 2010 on Plaintiff's three remaining claims. Counsel for Defendants appeared for the hearing without any witnesses or exhibits, despite clear instructions from the Court that this was an evidentiary hearing where the parties were to present evidence on Plaintiff's remaining claims. Counsel for Defendants was also unable to refer to the hundreds of pages of documents she had filed in the Court's electronic case management system because her copies of the documents were not numbered sequentially. Counsel for Defendants requested a continuance of the hearing in order to find witnesses to testify in support of Defendants' position, and Plaintiff opposed this request. The Court denied Plaintiff's request because: (1) Defendants had ample guidance through the Court's orders regarding what information the Court needs to determine Plaintiff's claims; (2) Defense Counsel had plenty of time to secure those witnesses for this evidentiary hearing; and (3) the Court's order setting the evidentiary hearing clearly informed Defendants of their opportunity to present evidence to support their position. The Court, however, agreed to allow Defendants one final limited opportunity to submit a supplemental brief regarding the policies relevant to Plaintiff's

remaining three claims, and will allow Plaintiff an opportunity to respond to Defendants' supplemental brief.

**IT IS THEREFORE ORDERED** that Defendants may submit one <u>final</u> limited supplemental brief to support *Defendants' Motion for Summary Judgment (Doc. 295)* no later than *February 1, 2010*. In that brief, Defendants must clearly explain through competent evidence, such as a sworn affidavit: (1) which policies apply to Plaintiff's remaining three claims; and (2) the legitimate penological interest served by those policies. Submitting hundreds of pages of policies, statutes, reports and case law <u>does not</u> constitute setting forth an argument in support of a motion for summary judgment. As part of their supplemental brief, Defendants are specifically directed to provide evidence regarding Plaintiff's denial of recreation for 120 consecutive days, including the prison's policy regarding denial of recreation, and to argue whether that policy complies with the holding in *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994).

**IT IS FURTHER ORDERED** that Defendants must ***hand deliver*** a copy of their supplemental brief and any attachments thereto to Plaintiff by *February 2, 2010*.

**IT IS FURTHER ORDERED** that Plaintiff may respond to Defendants' supplemental brief so that it is **received by** the Court no later than *February 10, 2010*.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**